## Harris v. Kaulius

*Margaret H. Poswistilo,* for plaintiff.
*Theodore R. Lewis,* for defendant.

FREEDBERG, *J.,* March 6, 1981—This matter is before the court on defendant's petition to open and

strike the default judgment taken by plaintiff. The complaint was filed on November 7, 1979. On February 1, 1980 the attorney for plaintiff filed an affidavit stating, in relevant part, "The complaint in assumpsit . . . was mailed by certified mail (restricted delivery) to the defendant . . . on November 8, 1979, at his address in New Jersey, that the aforesaid letter was not able to be delivered by the Post Office, although the address was correct and defendant had not moved, that defendant was notified by the Post Office on three separate occasions, November 21, 1979, November 26, 1979, and December 7, 1979, to pick up the aforesaid letter at the Post Office, that defendant failed to pick up the letter, and, thus, refused the letter, . . . that the sender, Margaret H. Poswistilo, Esq., in accordance with the Pennsylvania Rules of Civil Procedure, no. 2079, mailed a similar letter containing the complaint by regular mail on January 5, 1980, as evidenced by the official proof of mailing, U.S. Postal Service Form 3817 (see exhibit B), that the letter was not returned to her, and that more than 20 days have elapsed since the mailing by regular mail of the letter containing the complaint to the defendant herein." Attached to the affidavit as exhibit A is an envelope addressed to defendant at 707 High Street, Pohatcong Township, Warren County, New Jersey (Alpha, New Jersey). The face of the envelope reveals that notices were sent on November 21, 1979, November 26, 1979, and December 7, 1979. The postal authorities' notation on the envelope indicates that the letter was "unclaimed." There is no check mark next to the box for "refused."

Both the petition to open and the petition to strike aver that the default judgment was improper because service of the complaint was not completed in accord with the Pennsylvania Rules of Civil Proce-

dure. The petition to open was filed on April 28, 1980, and the petition to strike was filed on June 5, 1980.

At the outset, plaintiff contends that defendant has waived technical irregularity in the entry of the judgment by filing a petition to open the judgment prior to the petition to strike the judgment. See Roselon Industries, Inc. v. Associated Knitting Mills, 221 Pa. Superior Ct. 8, 289 A. 2d 239 (1972). This waiver principle applies to all but fundamental or vital defects: Polis v. Russell, 161 Pa. Superior Ct. 456, 55 A. 2d 558 (1947). Defects in the manner of service are not fundamental or vital and, thus, may be waived: 7 Standard Pa. Pract., Opening Judgments § 143. In the instant case, we refuse to hold that defendant has waived the alleged defect in the manner of service by filing his petition to open before the petition to strike. The explicit ground upon which the petition to open was premised was the alleged defect in the manner of service. We fail to see how the caption of the pleading, by itself, constitutes a waiver of a ground specifically asserted in the pleading. See Com. v. Orman, 268 Pa. Superior Ct. 383, 408 A. 2d 518 (1979).

A motion to strike a judgment is appropriate where there is a fatal defect in the judgment appearing on the face of the record: Malakoff v. Zambar, Inc., 446 Pa. 503, 288 A. 2d 819 (1972). A default judgment may properly be stricken for invalid service of process: 7 Standard Pa. Pract., Striking Off Judgments § 182.

Defendant's contention that the service of process was not completed is premised upon Pa. R. C. P. 2079(c)(3) which provides in relevant part:

"Outside the Commonwealth, the plaintiff shall

have the right of service within ninety days after the issuance of the writ or the filing of the complaint or the reissuance or reinstatement thereof . . . (3) by registered letter sent by the plaintiff, the plaintiff's attorney or any competent adult addressed to the last known address of the defendant and requiring a receipt signed by the defendant. If the letter is returned by the post office without a receipt signed by the defendant but with notation by the postal authorities that the defendant refused to accept the letter, the plaintiff shall have the right of service by ordinary mail addressed to the defendant at the same address, with the return address of the sender appearing thereon. . . ."

We agree with defendant that the notation of the postal authorities, to the effect that the letter was "unclaimed," as opposed to "refused," is insufficient to authorize service by ordinary mail pursuant to the cited rule. While a refusal to accept the letter may constitute sufficient evidence of service, we believe that a mere failure to claim a letter cannot be treated in the same fashion. A refusal is intentional. Failure to claim may be the result of the defendant being away from his address for an extended period of time without any intention whatsoever of avoiding service of process. For example, the defendant might be on an extended vacation or in the hospital. Consistent with the comment to Pa.R.C.P. 2079, we believe that a serious question of due process would arise in an in personam action if the plaintiff produced nothing except proof that the letter had been unclaimed. For this reason, we believe that the petition to strike must be granted.

Wherefore, we enter the following

## ORDER

And now, March 6, 1981, judgment entered heretofore in this matter by the plaintiff against defendant is stricken. Defendant is granted leave to plead over within 20 days from the date of this order.