## Commonwealth v. Wade

*Jeffrey E. Leber*, for Commonwealth.
*William Hebe*, for defendant.

FINK, *P.J.*, April 24, 1981 — Defendant Charles Wade was charged with aggravated assault and reckless endangerment for which charges a preliminary hearing was held before District Magistrate Edward Easton in Coudersport, Pa., the hearing being held on November 20, 1980. Defendant was bound over for trial which results in the omnibus pre-trial motion for relief being filed by counsel for defense. We are here concerned with the first issue raised therein, motion to dismiss in the nature of habeas corpus.

The facts alleged which serve as a basis for defendant's motion to dismiss are that the district magistrate bound defendant over for trial on the charges contained in the complaint, "without foundation and in error as a matter of law." Defendant further alleges that the evidence presented by the Commonwealth at the preliminary hearing "failed to make out a prima facie case" against defendant and, in addition, "failed to show probable cause for believing that the defendant had committed the crimes for which he was bound over

and for which he is charged in the information. . .". In other words, defendant has come before this court on the general allegation that the testimony presented before the district magistrate was insufficient as a matter of law to serve as a basis for the magistrate binding defendant over for trial.

At initial argument on defendant's pre-trial motions, both the district attorney and defense counsel agreed that this court could make a determination based upon a transcript of the proceedings to be supplied to the court by one or the other counsel (the transcript was prepared from a recording of the proceedings). When the court raised the issue of its authority to go behind the district magistrate's determination of binding defendant over for trial based upon the presentation of a prima facie case by the Commonwealth, the Commonwealth refers the court to Com. v. Orman, 268 Pa. Superior Ct. 383, 408 A. 2d 518 (1979).

In Orman, defendant was charged with robbery and other related offenses. Preliminary hearing on the charges was held before a district magistrate who found that a prima facie case had been established. Defendant was released on bail. Defendant while on bail filed a motion which was treated as a petition for writ of habeas corpus "by which he sought, inter alia, to challenge the district justice's finding." We should note that in the decision of the Honorable Judge Hoffman it is indicated that there was an *argument* on the motion which resulted in a trial judge's determination that a prima facie case had not been established. It was stated that the Superior Court concluded "that appellee could challenge the finding of a prima facie case by timely filing the motion." 268 Pa. Superior Ct. 386. The major issue in Orman was whether or not a petition for writ of habeas corpus would properly lie

when defendant was not detained but out on bail. The court concluded that being on bail is "in custody" for the purpose of seeking relief through habeas corpus. This court finds it noteworthy that in the Orman case there apparently was a legal argument which this court assumes was on questions of law or procedure. There apparently was no testimony presented.

In the instant case, the court is requested to sit in the chair of the district magistrate, consider all of the evidence presented to him counsel has stipulated that this court is to use an unofficial informal transcription of that which took place before the magistrate as if the testimony were presented live to this court, and make a separate conclusion as to whether there has been a prima facie case established. It has been argued that since the abolition of the grand jury in Potter County pursuant to the amendment to the Pennsylvania Constitution that there needs to be another screening mechanism in lieu of the former grand jury. This issue was expressly not decided in Orman, ibid, footnote 3. This court knows of no mandate whereby a criminal defendant is entitled to two separate screening processes, viz., the district magistrate at preliminary hearing a judicial review by the court of common pleas in lieu of a former grand jury.

If it be the law of Pennsylvania that a criminal defendant, upon a mere allegation that the district magistrate erred in his judgment of finding a prima facie case on the facts can, as a matter of law, request and obtain a de novo consideration by a common pleas judge on all evidence presented at a preliminary hearing on the issue of whether a prima facie case has been established, this will just be a very large nail in the judicial coffin which will bury our system under tons of extraneous and

superfluous considerations and bring the wheels of justice, which are slow enough, to a complete halt. If as argued by defendant, our appellate justices have spoken in favor of such a process, then let them again tell this court in clearer terms than have already been expressed.

For the reasons herein stated, this court shall not consider the transcript of testimony submitted by stipulation in determining whether the district magistrate should have refused to find a prima facie case and, thus, the following

## ORDER

And now, April 24, 1981 defendant's motion to dismiss in the nature of habeas corpus is hereby refused and it is directed that respective counsel present argument forthwith on the remaining issues contained in the defendant's omnibus pre-trial motion.