## Commonwealth v. Walsh

*Paul H. Millin, district attorney,* for the commonwealth.

*Mark H. Rubenstein,* for defendant.

WOLFE, *J.,* November 5, 1986 — On a·charge of burglary and receiving stolen property defendant was bound over to court subsequent to a preliminary hearing before a district justice. For disposition is defendant's petition for writ of habeas corpus and/or motion to quàsh criminal information.

The appearance bond as set by the district justice is in the amount of $10,000 and provides:

"This bond is valid for the entire proceeding and until full final disposition of the case, including final disposition of any petition for writ of certiorari or appeal timely filed in the Supreme Court of United States."

Defendant argues the trial court should review the district justice's determination to determine if the commonwealth had established a prima facie case on sufficient evidence to bind defendant over. The commonwealth opposes the motion arguing a writ of habeas corpus is not available to defendant under the terms of the bail bond.

As structured in *Commonwealth v. Orman,* 268 Pa. Super. 383, 408 A.2d 518 (1979), "the crux of the question is whether an accused on bail is 'in custody' for purposes of obtaining relief through recourse to the writ of habeas corpus."

Historically, as pronounced in *Commonwealth v. Levine,* 394 Pa. 262, 146 A.2d 834 (1958), following *Price v. Johnston,* 334 U.S. 266:

"The historic and great usage of the writ, (habeas corpus) regardless of its particular form, is to produce the body of a person before a court for whatever purpose might be essential to the proper disposition of a cause. The most important result of such usage has been to afford a swift and imperative remedy in all cases of illegal restraint upon personal liberty."

Thus, the writ is available when the petitioner is "in custody." *Commonwealth ex rel. Paulinski v. Isaac,* 483 Pa. 467, 397 A.2d 760 (1979).

As time and the cases developed the courts recognized that one could be "in custody" notwithstanding one was "free" on bail if defendant was placed under any constraints not shared by the public generally. These constraints took various forms of restricting movements of defendant, compulsion to appear in court at the request of the bailman, or other impingement of legal rights. *Hensley v. Municipal Court,* 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed. 2d 294 (1973); *Lefkowitz v. Newsome,* 420 U.S. 283, 95 S.Ct. 886, 43 L.Ed. 2d 196 (1975). Thus, the long held version that one on bail was not entitled to a writ of habeas corpus, notwithstanding constraints, was not entitled to relief as pronounced in *Commonwealth v. Weinstein,* 177 Pa. Super. 1, 109 A.2d 235 (1954) was effectively overruled; as well as *Commonwealth v. Gordon,* 254 Pa. Super. 267, 385 A.2d 1013 (1978); and *Commonwealth v. Smith,* 212 Pa. Super. 403, 244 A.2d 787 (1968). Particularly, in reviewing the history and development of the access to the writ in *Orman,* supra, the court found defendant was released on bail of $50,000; however, was "required to appear before

the court at any time so directed and to give written notice to the court, the commonwealth and the bail agency within 48 hours of a change of address and subjected defendant to confession of judgment, levy, sale and execution of property to satisfy the bond, even if not in default of payment on it." The court had no problem coming to the conclusion that these restraints were not shared by the public generally and directed the writ to be entertained.

In the case sub judice defendant relies on, inter alia, *Justices of Boston Municipal Court v. Lydon*, 104 S.Ct. 1805 (1984); there, defendant, Lydon, under the Massachusetts statute under which he was released on bail, was subjected to an "obligation to appear for trial in the jury session on the scheduled day and also at any subsequent time to which the case may be continued and so from time to time until the final sentence." The court found under the Massachusetts law that failure to appear without sufficient excuse constitutes a criminal offense and if Lydon failed to appear he may be required without further proceedings to serve a two-year sentence, and defendant could not depart the state without leave and in the meantime was to keep the peace and be of good behavior. In reviewing these constraints the court reflected upon *Hensley,* supra, wherein despite Hensley's release on his personal recognizance, nonetheless he was subjected to the' conditions that he would appear when ordered by the court, he waived extradiction if he were apprehended outside the state, and that a court could revoke the order of release and require that he be returned to confinement or post bail.

Instantly, as noted, defendant's bail bond is completely void of any restraints of any nature. Indeed, despite defendant's argument to the contrary, the

bail bond does not require forfeiture or criminal sanctions in the event defendant fails to appear; and on the contrary, simply provides that after final disposition the bail will be released to defendant or the surety. Rule 4016 of Rules of Criminal Procedure addresses the remedy for breach of bail and forfeiture thereof. The rule provides that in the event of a breach of a condition the court may declare the bond forfeited and issue a warrant to bring defendant before it, who shall not thereafter have the benefit of bail except upon court order.

It is clear here that defendant's liberty is not restrained nor are there any conditions placed upon defendant not shared by the public generally. The forfeiture provision of the criminal procedure is only applicable in the event of defendant's failure to appear for further court proceedings; and, indeed, the bail bond does not even provide that defendant must appear for court proceedings although we would fairly interpret that is the fair import of it. We conclude defendant has no restraints on her liberty whatsoever, and enter the following

### ORDER

And now, this November 5, 1986, the petition for writ of habeas corpus and/or motion to quash criminal information is denied.