J. A15024/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| JUAN ANDLNO, | : | |
| | : | |
| Appellee | : | |
| | : | No. 31 EDA 2015 |

Appeal from the Order December 3, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0010882-2014

BEFORE: FORD ELLIOTT, P.J.E., DUBOW, J., and JENKINS, J.

MEMORANDUM BY DUBOW, J.:                           **FILED JULY 29, 2016**

The Commonwealth appeals from the trial court's December 3, 2014 Order entered by the Philadelphia County Court of Common Pleas quashing all charges against Appellee, Juan Andlno. After careful review, we reverse the trial court's December 3, 2014 Order and remand for further proceedings.

On August 22, 2013, Detective Dennis Demas responded to Appellee's home at 517 Morse Street in Philadelphia for a reported stabbing. N.T. Preliminary Hearing, 9/25/14, at 5. Detective Demas found a large amount of blood trailed throughout the house, as well as through the neighboring house at 519 Morse Street, which was connected through a second-floor opening cut in the wall between the two front bedrooms. *Id*. at 5-6. After

conducting further investigation, Detective Demas interviewed Appellee at the hospital. *Id*. at 6-7.

Detective Demas executed a search warrant at 517 Morse Street and recovered 1,065 grams of marijuana divided into multiple sandwich-size bags all tied in a knot, additional baggies, a digital scale, and proof of Appellee's residency at 517 Morse Street. *Id*. at 6. Appellee admitted to Detective Demas that he was the victim of the stabbing, that he lived alone at 517 Morse Street, and that his child's mother and his child lived in the connected house at 519 Morse Street. *Id*. at 6.

The Commonwealth charged Appellee with Possession of a Controlled Substance With Intent to Deliver ("PWID") and Possession of a Controlled Substance.[1] On September 25, 2014, at Appellee's preliminary hearing, the Commonwealth called Detective Dennis Demas who testified regarding the events leading up to and including the search of Appellee's abode and Appellee's statements. Appellee proffered the property receipts for the items removed from the premises. The property receipts state that the items had been recovered from 519 Morse Street. Appellee moved for quashal, arguing that because he lived in the conjoined building located at 517 Morse Street, and not at the address listed on the property receipts, the Commonwealth did not establish a *prima facie* case against him. *Id*. at 10-

---

[1] 35 P.S. § 780-113(a)(30); and 35 P.S. § 780-113(a)(16), respectively.

13. The Honorable T. Francis Shields held the case for trial, concluding that the Commonwealth had met its burden and had established the *prima facie* case. *Id*. at 14.

On November 13, 2014, Appellee filed a written Motion to Quash based on the issue of the address on the property receipts.[2] On December 3, 2014, at the conclusion of a hearing on Appellee's Motion to Quash, the Honorable Harold M. Kane denied the Commonwealth's request to present clarifying testimony, and granted the Motion without explanation.[3] N.T. Motion, 12/3/14, at 4-7.

---

[2] This Court has observed that

> a petition labeled a 'Motion to Quash' [is] in fact a writ of *habeas corpus* attacking the magistrate's finding that the Commonwealth at the preliminary hearing had established a *prima facie* case. When the substance of the 'Motion to Quash' is identical to that of a writ of *habeas corpus*, the reviewing court undertakes an identical inquiry in disposing of the issue asserted and the relief sought is the same, there is no reason why an error in label should prevent a court from seeing that justice is done.

**Commonwealth v. Orman**, 408 A.2d 518, 520 (Pa. Super. 1979) (internal citation omitted).

[3] Judge Kane summarily resolved Appellee's Motion to Quash in the following exchange:

> Commonwealth: I have case law that supports the Commonwealth's position.
> The Court: Well [inaudible] the Superior Court because I'm ruling against it.
> Commonwealth: May I supplement the record, Your Honor?
> The Court: No.

On December 23, 2014, the Commonwealth filed a Notice of Appeal and a voluntary Pa.R.A.P. 1925(b) Statement. Judge Kane did not file a Rule 1925(a) Opinion.

The Commonwealth presents one issue for our review:

> Did the lower court err in quashing all charges against [Appellee], where the evidence was sufficient to establish a *prima facie* case?

Appellant's Brief at 4.

"In reviewing a trial court's order granting a defendant's petition for writ of habeas corpus, we must generally consider whether the record supports the trial court's findings, and whether the inferences and legal conclusions drawn from those findings are free from error." ***Commonwealth v. Santos***, 876 A.2d 360, 363 (Pa. 2005) (internal quotation and citation omitted). "A trial court may grant a defendant's petition for writ habeas corpus where the Commonwealth has failed to present a *prima facie* case against the defendant." ***Id***.

It is well-settled that "the evidentiary sufficiency, or lack thereof, of the Commonwealth's *prima facie* case for a charged crime is a question of law as to which an appellate court's review is plenary." ***Commonwealth v. Karetny***, 880 A.2d 505, 513 (Pa. 2005). Our scope of review is limited to determining whether the Commonwealth established a *prima facie* case.

---

N.T. Motion, 12/3/14, at 5-6.

*Commonwealth v. Patrick*, 933 A.2d 1043, 1045 (Pa. Super. 2007) (citation omitted).

The basic principles of law regarding the establishment of a *prima facie* case at a preliminary hearing are well settled.

> The preliminary hearing is not a trial. The principal function of a preliminary hearing is to protect an individual's right against an unlawful arrest and detention. At this hearing the Commonwealth bears the burden of establishing at least a *prima facie* case that a crime has been committed and that the accused is probably the one who committed it. It is not necessary for the Commonwealth to establish at this stage the accused's guilt beyond a reasonable doubt. In order to meet its burden at the preliminary hearing, the Commonwealth is required to present evidence with regard to each of the material elements of the charge and to establish sufficient probable cause to warrant the belief that the accused committed the offense.

*Commonwealth v. McBride*, 595 A.2d 589, 591 (Pa. 1991) (internal citations omitted). In addition, "the evidence should be such that if presented at trial, and accepted as true, the judge would be warranted in allowing the case to go to the jury." *Commonwealth v. Landis*, 48 A.3d 432, 444 (Pa. Super. 2012) (quotation, citation, and boldface omitted).

"The standard clearly does not require that the Commonwealth prove the accused's guilt beyond a reasonable doubt at this stage." *Id.* (citation and quotation omitted). Most significant in this appeal, "[t]he weight and credibility of the evidence is not a factor at this stage." *Id*.

In the instant case, the Commonwealth charged Appellee with possession of a controlled substance and PWID. With respect to the charge of possession of a controlled substance, the Commonwealth was required to

present evidence to show that Appellee probably impermissibly "[k]nowingly or intentionally possess[ed] a controlled or counterfeit substance[.]" 35 P.S. § 780-113(a)(16). Because the police officers did not recover the marijuana from Appellee's person, the Commonwealth was required to prove that Appellee had constructive possession of the marijuana. ***Commonwealth v. Macolino***, 469 A.2d 132, 134 (Pa. 1983).

To prove constructive possession, the Commonwealth must show that the accused "exercise[d] a conscious dominion over the illegal [contraband.]" ***Commonwealth v. Valette***, 613 A.2d 548, 550 (Pa. 1992). Conscious dominion is the "power to control the contraband and the intent to exercise that control." ***Id.*** (citing ***Commonwealth v. Macolino***, 469 A.2d 132, 134 (Pa. 1983)).

In the instant case, Detective Demas testified at the preliminary hearing that he recovered, *inter alia*, 1,065 grams of marijuana from 517 Morse Street pursuant to the search warrant. N.T. Hearing, 9/25/14, at 6. Detective Demas also testified that Appellee had told him that he resided at 517 Morse Street alone, and that he had been stabbed at that location. ***Id***. Detective Demas corroborated these admissions by recovering additional proof of Appellee's residency at 517 Morse Street. ***Id***. The totality of the evidence supported the reasonable inference that Appellee constructively possessed the marijuana found in his house. ***See Commonwealth v. Parsons***, 570 A.2d 1328, 1334-35 (Pa. Super. 1990) (concluding that the

defendant constructively possessed drugs and paraphernalia located in every room of the house he shared with his girlfriend). The Commonwealth, thus, presented a *prima facie* case that Appellee possessed a controlled substance.

With respect to the PWID charge, the Commonwealth needed to present sufficient evidence to show that Appellee probably "possess[ed] with intent to manufacture or deliver, a controlled substance[.]" 35 P.S. § 780-113(a)(30). The Commonwealth here presented such evidence, which included the large quantity of the drugs, the manner of packaging, the additional baggies, the scale, and the absence of paraphernalia for drug use. *See Commonwealth v. Heater*, 899 A.2d 1126, 1131 (Pa. Super. 2006) (concluding that "[r]elevant factors in establishing intent [to deliver] include the quantity of drugs possessed, the manner of packaging, the absence of paraphernalia for drug use, [and] the behavior of the defendant[.]" (citations omitted)).

In his brief, Appellee argues that the trial court properly quashed the charges because of the conflict between Detective Demas' testimony regarding the address from which officers recovered the drugs (517 Morse Street) and the address listed on the property receipts (519 Morse Street). This argument fundamentally implicates the weight and credibility to be given to the evidence.

Any conflicts or discrepancies in the evidence, which are questions regarding the weight and credibility of evidence, must be resolved by the

fact-finder at trial, not at the preliminary hearing. **See Landis**, **supra** at 448. In **Landis**, this Court concluded that the trial court had committed reversible error where it improperly weighed the police officer's credibility in evaluating the *prima facie* case by evaluating "the weight to be given to the location of the bullet and the reasons Appellee did not succeed in actually shooting a police officer." **Id**. We explained that the trial court had "improperly weighed the evidence and failed to properly view the evidence in the light most favorable to the Commonwealth, as is required under the appropriate standard of review." **Id**. We emphasized in **Landis** that "it is inappropriate for the trial court to make credibility determinations in deciding whether the Commonwealth established a *prima facie* case." **Id**. Rather, "the charge must be bound over for trial if evidence of the existence of each element of the offense is presented." **Id**. (citations omitted).

In granting the Motion to Quash, which was based only on the discrepancy between the officer's testimony and the address on the property receipts, Judge Kane evaluated the weight and credibility of the evidence in contravention of the standard of review applicable to *prima facie* determinations. In doing so, he assumed the responsibilities of a fact-finder. This was improper. **See McBride**, **supra** at 591; **see also Commonwealth v. Maute**, 485 A.2d 1138, 1144-45 (Pa. 1984) (stating that "[m]ere evidence of a conflict in the prosecution's evidence is not fatal to its case" (citation omitted)). The Commonwealth was not obligated to

present additional evidence, to develop its case with any more certainty or clarity, or to explain the existence of disputed or contradictory evidence, such as the address on the property receipt. ***See generally Commonwealth v. Rashed***, 436 A.2d 134, 137 (Pa. 1981) (stating, "there is no obligation, constitutional or otherwise, on the Commonwealth to produce all of its potential witnesses at a preliminary hearing.").

Thus, in the instant case, the trial court needed to view Detective Demas' testimony in the light most favorable to the Commonwealth as required by the appropriate standard of review. ***Landis***, ***supra*** at 444. This is exactly what Judge Shields did before concluding that the Commonwealth had established a *prima facie* case.

After reviewing the evidence presented at the preliminary hearing in the light most favorable to the Commonwealth, as we must, we conclude that the Commonwealth met "its burden of establishing at least a *prima facie* case that a crime has been committed and that the accused is probably the one who committed it." ***McBride***, ***supra*** at 591. To view the evidence otherwise would be to view it in the light most favorable to Appellee.

Accordingly, we reverse the trial court's December 3, 2014 Order, direct the court to reinstate the charges, and remand for further proceedings.

Order reversed. Case remanded. Jurisdiction relinquished.

J. A15024/16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/29/2016