Opinion by
 

 Jacobs, J.,
 

 Defendant was arrested in 1964 and charged with assault and battery with intent to ravish and indecent assault. With counsel he waived indictment, pled guilty
 
 *405
 
 and was sentenced to 2%-5 years. After exhausting state post-conviction remedies, defendant was granted a hearing before Judge Luongo of the Federal District Court, Eastern District of Pennsylvania. From the evidence presented Judge Luongo was convinced that due to defendant’s mental condition, he had not entered a knowing and intelligent guilty plea. Therefore, on April 3, 1967, that court ordered defendant’s release but deferred issuing the writ so that the Commonwealth might appeal, or retry defendant. Defendant was released on bail and the case was listed for» retrial on the old bill of indictment, No. 201 September Term, 1964. Prior to trial defense counsel filed a number of motions. On September 12, 1967, a new indictment (No. 1187, 1967) for the same offense was found by the grand jury which defendant then moved to quash. After hearing and argument the Honorable Robert W. Honeyman heard and disposed of all the pending pretrial motions by orders dated October 16 and 23, 1967.
 

 The Commonwealth has appealed from the order of the lower court suppressing certain evidence and defendant has also appealed from the lower court’s refusal to set aside the magistrate’s commitment or to quash the indictment.
 

 I.
 

 The Commonwealth’s appeal is improper in light of the standard set forth in
 
 Commonwealth v. Bosurgi,
 
 411 Pa. 56, 190 A. 2d 304 (1963).
 
 Bosurgi
 
 and subsequent cases have permitted the Commonwealth to appeal pretrial suppression orders whenever such orders will “substantially handicap” the Commonwealth; whenever “The evidence suppressed may well mark the difference between success and failure in the prosecution. . . .” 411 Pa. at 63, 190 A. 2d at 308. See also
 
 *406
 

 Commonwealth v. Fisher,
 
 422 Pa. 134, 221 A. 2d 115 (1966). In the present prosecution the Commonwealth’s case is virtually intact despite the suppression. The Commonwealth has agreed that all of defendant’s statements to police are inadmissible, but insists that defendant’s oral apology to the victim, while in custody without a lawyer and in the presence of the police, was a volunteered statement which should be admissible.
 
 [1]
 
 Aside from that apology, the Commonwealth has substantial identification testimony from the victim of the assault. After the assault she picked out defendant’s photograph and later identified him in person. Although defendant’s apology would corroborate identification, we cannot say that loss of this evidence would “substantially handicap” the Commonwealth’s proof that he was the assailant.
 
 [2]
 
 Therefore, the Commonwealth may not appeal from this order of suppression. The appeal is quashed.
 

 2.
 

 It is not clear what remedy the defendant is seeking by his petition to set aside the commitment. He claims that his arrest was invalid, that he was not given the right to be heard at the preliminary hearing and that the commitment and binding over were based on false testimony.
 

 If defendant is asking to be discharged, he is easily answered. On June 9, 1967 the defendant gave bail
 
 *407
 
 together with his recognizance and was released from custody. His application to set aside the commitment was filed June 12, 1967. After bail has been given neither the validity of an arrest nor the legality of proceedings before a magistrate may be questioned on a petition to discharge the defendant from his recognizance, and the court properly refused to set aside the commitment.
 
 Commonwealth, v. Weinstein,
 
 177 Pa. Superior Ct. 1, 109 A. 2d 235 (1954) ;
 
 Commonwealth v. Hill,
 
 166 Pa. Superior Ct. 388, 71 A. 2d 812 (1950).
 

 Defendant argues that the Commonwealth did not show a prima facie case at the preliminary hearing and that he should not have been held for the grand jury. Assuming arguendo that the defendant can raise the issue, we are satisfied that there was a valid binding over in this case. An information was filed charging defendant with assault with intent to ravish. A warrant was issued for his arrest and a hearing held before a justice of the peace on September 26, 1964. At the hearing defendant was present with his counsel and did not testify.
 
 [3]
 
 All that was necessary for the Commonwealth to do was to show a prima facie case, i.e., sufficient probable cause to believe that the defendant had committed the offense.
 
 Commonwealth v. Burger,
 
 195 Pa. Superior Ct. 175, 171 A. 2d 599 (1961);
 
 Commonwealth ex rel. Scolis v. Hess,
 
 149 Pa. Superior Ct. 371, 27 A. 2d 705 (1942). At the hearing a police officer testified that he received the victim’s complaint, that he investigated the complaint and as a result of his investigation took the defendant into custody. He fur
 
 *408
 
 ther testified that the defendant admitted that he was the man who attacked the victim. This testimony, none of which was false, was sufficient to show a prima facie case and the defendant was properly bound over for court.
 

 3.
 

 Defendant’s motion to quash the indictment raised one point of substance. The face of the indictment shows that it was found more than two years after the alleged offense and thus appears to violate the limitation of the Act of March 31, 1860, P. L. 427, 19 P.S. §211. Pennsylvania courts have long held that a defendant may not appeal from an order refusing to quash an indictment. See
 
 Petition of Quay,
 
 189 Pa. 517, 42 A. 199 (1899);
 
 Commonwealth v. State Treasurer,
 
 80 Pa. Superior Ct. 315 (1923). However, in
 
 Commonwealth v. O’Brien,
 
 389 Pa. 109, 132 A. 2d 265 (1957), the Supreme Court reiterated the general rule, saying that denial of a motion to quash an indictment is not appealable
 
 “Unless a bill of indietment is defective on its face. . . .”
 
 389 Pa. at 110, 132 A. 2d at 265. (Emphasis added.)
 
 [4]
 
 For reasons to be discussed below the present indictment is not defective, but on its face it does appear to violate the statute of limitations.
 
 [5]
 
 Since a substantial question is raised whether
 
 *409
 
 this indictment is defective and since that question arises from the face of the indictment, we deem this to be an appealable order under
 
 Commonwealth v.
 
 O’Brien, supra.
 

 Prior to his guilty plea in 1964, defendant signed on the district attorney’s bill a form waiver of indictment by grand jury. Defendant has vigorously argued that this waiver was as ineffective as his invalid guilty plea. The Commonwealth, apparently conceding the point, has re-indicted him. Since the new indictment was found more than two years after the offense was' committed, the question is raised whether the waiver signed on November 10, 1964
 
 tolled
 
 the statute of limitations. Our opinion in
 
 Commonwealth v. Howard,
 
 210 Pa. Superior Ct. 284, 232 A. 2d 207 (1967), allocatur refused, 210 Pa. Superior xxxv, is controlling on this issue; the statute has been tolled.
 

 In
 
 Howard
 
 we decided that a district attorney’s bill presented to court after a waiver of indictment not knowingly and intelligently made, tolls the statute of limitations. The defendant would have us distinguish
 
 Howard
 
 on the basis that even if an unknowing and unintelligent waiver of indictment tolls the statute such should not be the result where the defendant was mentally incompetent. We are willing to assume, as we’ did in
 
 Howard,
 
 that the waiver of indictment by defendant was, like his guilty plea, unknowing and unintelligent. However, we see no authority in law and no rational reason for distinguishing among degrees of unknowing and unintelligent acts. If, as we decided! in
 
 Howard,
 
 consequences flow from an act which is done unknowingly and unintelligently, then those consequences flow regardless of the cause of defendant’s failure to understand and appreciate the nature and consequences of his action.
 

 The offense having been committed on September' 13, 1964, the statute ran for 58 days until November
 
 *410
 
 10, 1964, when the waiver of indictment was signed and filed. The statute did not run again in favor of defendant until the indictment was inferentially set aside by Judge Luongo’s order of April 3, 1967. Thus the statute had run a total of 220 days when Bill 1187 of 1967 was approved on September 12, 1967. It is apparent that the two year statute does not bar prosecution of this appellant.
 

 Orders affirmed.
 

 [1]
 

 It appears that defendant may have been advised of his right to remain silent, but was not given the other warnings set forth in
 
 Miranda v. Arizona,
 
 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966).
 

 [2]
 

 Defendant said “Ma’am, I’m sorry I done this to you. I’m very sorry.” Since he did not mention what he had done, the “apology” would not aid the Commonwealth in proving the elements of the offense charged.
 

 [3]
 

 Under the Act of May 14, 1915, P. L. 499, 42 P.S. §1080, in effect in 1964 (suspended on January 1, 1965, by Rule 128 of the Rules of Criminal Procedure and replaced by Rule 119) the right to be heard was not self-executing but had to be demanded.
 
 Commonwealth ex rel. McKenna v. Cavell,
 
 423 Pa. 387, 224 A. 2d 616 (1966).
 

 [4]
 

 The court has also heard such appeals when they involve “exceptional circumstances”; see
 
 Commonwealth v. Kilgallen,
 
 379 Pa. 315, 108 A. 2d 780 (1954).
 

 [5]
 

 We said in
 
 Commonwealth v. Cody,
 
 191 Pa. Superior Ct. 354, 359, 156 A. 2d 620, 623 (1959), that “an indictment is fatally defective which shows on its face that it was found more than two years after the commission of the offense. . . .” The exception to the statute of limitations for persons who have not been inhabitants or usual residents of this state is not here applicable. Defendant has been in prison in Pennsylvania during most of the time between the offense and indictment.