Commonwealth *v.* Banks, Appellant.

Submitted March 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Richard D. Walker,* Public Defender, for appellant.

*Marion E. MacIntyre,* Deputy District Attorney, and *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., June 21, 1974:

This is an appeal from the denial of post-trial motions following a jury verdict of guilty on three counts of sale of narcotic drugs.

Appellant was charged with the sale of heroin to an undercover agent. At his preliminary hearing, Trooper James A. Gillison testified that he purchased drugs from the appellant on three separate occasions. The Commonwealth produced a Crime Lab Chemist who testified that he analyzed the seized substances and determined that the drugs were, in fact, heroin. A copy of the laboratory report was submitted as evidence of the procedure and results of the examination. Based on this evidence, appellant was indicted and held over for trial.[1]

---

[1] Appellant contends that there was a lack of probable cause in the evidence produced at the preliminary hearing to justify the

Prior to the trial, a jury was impanelled, during which the Commonwealth exercised eight of its peremptory challenges in excluding black jury members. Appellant contends that this arbitrary and systematic exclusion of blacks from the jury constituted a denial of due process. We do not believe that appellant had demonstrated a clear abuse of the prosecution's right to peremptory challenges. As the United States Supreme Court said in *Swain v. Alabama,* 380 U.S. 202, 227 (1965): "[T]he defendant must, to pose the issue, show the prosecutor's systematic use of peremptory challenges against Negroes *over a period of time.*" (Emphasis added) The exclusion of black jurors from one panel is not such a showing of a "systematic use of peremptory challenges" as to deny the appellant due process of law.

Appellant was found guilty by a jury on all three counts.[2]

Among appellant's numerous contentions of error (see discussion, supra), appellant submits that certain comments of the district attorney during his closing argument were so prejudicial and totally irrelevant as to prohibit the appellant from receiving a fair trial.

---

charges against him. The evidence produced was competent and capable of belief. Appellant's contention that the lab report should not have been admitted because it was hearsay evidence was without merit. See, *Commonwealth ex rel. Maisenhelder v. Rundle,* 414 Pa. 11, 15, 198 A.2d 565 (1964); *Commonwealth v. Smith,* 212 Pa. Superior Ct. 403, 407, 244 A.2d 787 (1968).

[2] Appellant contends that the trial court erroneously ruled on two matters during the course of the trial. First, appellant argues that the court's denial of his request to produce the expense accounts of the complaining witnesses, the police officers, was error. Secondly, he believes the trial court should have granted him a continuance to afford an opportunity to have an independent chemical analysis of the alleged drugs. Besides the questionable timing of appellant's requests, we find no legal precedent entitling the appellant to such evidence, nor to a conclusion that denial of his requests constituted reversible error.

In addition, appellant argues that the trial court erred both in denying appellant's motion for a mistrial following said comments, and in failing to instruct the jury to disregard the comments. During the closing speeches, the district attorney engaged the jury in a brief, and admittedly irrelevant, lecture on the "evils of heroin." In so doing, he brought to the jury's attention the strong addictive and lethal qualities of the drug as well as the incidence of deaths resulting from its use.

Our Supreme Court has uniformly reversed convictions whenever it appeared that the district attorney in his closing argument either "express[es] his personal belief or opinion as to the truth or falsity of any testimony or evidence . . . of the defendant,"[3] or "attempt[s] in any manner to influence the jury by arousing their prejudices."[4] It is well-recognized that the prosecutor may refer to or argue on the basis of facts that are a "matter of common experience or matters of which the court may take judicial notice." See, A.B.A. Project on Standards for Criminal Justice, Standards Relating to the Prosecution Function and the Defense Function, Approved Draft, §5.9 (1971).

The comments of the district attorney in the instant case did not concern the question of guilt determination. They were based upon facts and data not developed at trial. The comments, however, consisted of facts that are, in our opinion, matters of common knowledge inflaming the jury to no greater extent than the members would already be aroused merely by deliberat-

[3] *Commonwealth v. Potter*, 445 Pa. 284, 286, 285 A. 2d 492 (1971) ; A.B.A. Project on Standards for Criminal Justice, Standards Relating to the Prosecution Function and the Defense Function, §5.8(b).

[4] *Commonwealth v. Toney*, 439 Pa. 173, 180, 266 A. 2d 732 (1970).

ing over a matter involving the trial of an alleged seller of heroin to supposed drug addicts or potential users.

The judgments of sentence are affirmed.

SPAETH, J., dissents.