366 A.2d 302
**COMMONWEALTH of Pennsylvania**
v.
**Robert Alfred RICK, Appellant.**

Superior Court of Pennsylvania.

Submitted March 1, 1976.

Decided Nov. 22, 1976.

34

Peter Kemeny, Harrisburg, for appellant.

Marion E. MacIntyre, 2nd Asst. Dist. Atty., Harrisburg, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

On the evening of April 25, 1974, Pennsylvania State Police Trooper Barry J. Kostival was sent to investigate the scene of an accident in the vicinity of Sandy Hollow Road in West Hanover Township, Dauphin County. When he arrived, he learned that the driver, appellant, had been taken to the hospital. Trooper Kostival went to the hospital intending to interview appellant, but learned that appellant was being treated for injuries and could not then be interviewed. The trooper talked to Dr. J. Stanley Smith, the attending physician, who offered Trooper Kostival a copy of a report of the blood test which had been performed on appellant at the request of appellant's wife. After seeing the test results, Trooper Kostival instituted a complaint against appellant for

driving while under the influence of intoxicating liquor. On November 22, 1974, appellant was convicted of that charge by a judge sitting without a jury. We affirm.

■ Appellant raises two allegations of error. The first is that the return of the district justice should have been quashed because the evidence produced at the preliminary hearing did not establish a prima facie case. At that hearing, the Commonwealth produced the testimony of Trooper Kostival and the chemist's report which indicated that shortly after the accident, appellant's blood-alcohol level was .18%. Appellant objected to the chemist's report on the grounds that it was hearsay. Appellant now contends that because the only evidence of his intoxication was hearsay, the evidence was insufficient to establish a prima facie case. We disagree.

■ The distinction between a preliminary hearing and the trial itself is well settled. While a trial determines guilt or innocence, the "preliminary hearing is held primarily to prevent the detention of a person for a crime which was never committed or of a crime with which there is no evidence of his connection." *Commonwealth v. O'Brien*, 181 Pa.Super. 382, 396, 124 A.2d 666, 673 (1956). *See also Commonwealth ex rel. Maisenhelder v. Rundle*, 414 Pa. 11, 198 A.2d 565 (1964); *Commonwealth v. Smith*, 232 Pa.Super. 546, 334 A.2d 741 (1975).

The question at a preliminary hearing is not whether there is sufficient evidence to prove the defendant guilty beyond a reasonable doubt; rather, the question is whether the prosecution must be dismissed because there is nothing to indicate that the defendant is connected with a crime. In this case, the chemist's report, alone, would have been inadmissible at trial to prove appellant was intoxicated. However, the district justice acted correctly in admitting the report to determine that there may have been a crime committed and that appellant may have been involved. Certainly, the difference in purpose be-

tween a preliminary hearing and a trial dictates a differ- ent enforcement of the rules of evidence.[1]

In *Commonwealth v. Banks,* 228 Pa.Super. 308, 323 A. 2d 780 (1974), the defendant contended that it had been error to admit a chemist's report at the preliminary hearing. Without reaching the hearsay question, this court held that appellant's contention was meritless, cit- ing *Commonwealth ex rel. Maisenhelder v. Rundle, su- pra,* and *Commonwealth v. Smith,* 212 Pa.Super. 403, 244 A.2d 787 (1968). *Cf. Commonwealth v. Burger,* 195 Pa. Super. 175, 171 A.2d 599 (1961). Therefore, the district justice did not err in considering the chemist's report, and the Commonwealth introduced sufficient evidence to meet its burden at a preliminary hearing.

■ ■ Appellant's second contention is that the lower court erred in admitting evidence of his blood-alcohol lev- el at trial because the "chain of custody" of the blood sample was not sufficiently established. Dr. J. Stanley Smith, chief resident in surgery at the Polyclinic Hospi- tal, testified that on the night of the accident he admit- ted appellant to the hospital. The Commonwealth then introduced Commonwealth's Exhibit No. 1, a test tube containing a partially frozen blood sample. Permanently attached to the top of the tube was a white piece of pa- per bearing the inscription, "Rick, Robert 4–26–74 er." Dr. Smith testified that the writing looked like his own, but he could not be certain.

Dr. Smith testified that after taking the sample, he handed it to an unknown laboratory technician, who, he

1. If, at the preliminary hearing, it had been clearly established that the Commonwealth would be able to produce only hearsay evidence at trial, the result in this case might be different. Un- der those circumstances a district justice could justifiably con- clude that submitting the case to the grand jury would be a waste of time. Here, however, there was nothing to indicate to the district justice that the Commonwealth would not be able to produce the chemist himself at trial. The Commonwealth ex- plained to the district justice that the chemist, Dr. Griswold, was out of town for the week. Dr. Griswold was available for appel- lant's trial and did in fact testify.

understood, was responsible for taking it to the laboratory. Dr. Griswold, the hospital's clinical chemist, identified the tube as the one that he received on April 26, 1974. Dr. Griswold testified that one of the lab technicians placed the sample in the section of the lab refrigerator reserved for toxicology. At that time, it was the only tube in the section.

Appellant contends that the chain of custody was not established because the lab technician did not testify and because many people had access to the refrigerator. However, it is well established that the Commonwealth need not produce every individual who came into contact with an item of evidence, nor need it eliminate all possibilities of tampering. The Commonwealth need only establish a "reasonable inference that the identity and condition of the exhibits remained unimpaired until they were surrendered to the court." *Commonwealth v. Miller,* 234 Pa.Super. 146, 155, 339 A.2d 573, 578 (1975). *See also Commonwealth v. Jenkins,* 231 Pa.Super. 266, 332 A.2d 490 (1974). In this case, the Commonwealth has met that burden.

The judgment of sentence of the lower court is affirmed.

SPAETH, J., files a dissenting opinion.

SPAETH, Judge (dissenting):

The majority holds that an accused may be held for court after a preliminary hearing at which the prosecution offers only hearsay evidence. I disagree.

"The primary reason for the preliminary hearing is to protect an individual's right against unlawful arrest and detention. It seeks to prevent a person from being imprisoned or required to enter bail for a crime which was never committed, *or for a crime with which there is no evidence of his connection.*" *Commonwealth ex rel. Maisenhelder v. Rundle,* 414 Pa. 11, 15, 198 A.2d 565,

567 (1964) (emphasis added). When there is only hearsay evidence, and when it has been objected to, "there is no evidence."

Our Rules of Criminal Procedure provide that at a preliminary hearing the accused has the right to "[b]e represented by counsel" and to [c]ross-examine witnesses and inspect physical evidence offered against him; . . .." Pa.R.Crim.P. 141(c). The right to counsel is constitutionally compelled, *Coleman v. Alabama*, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970), and the primary reason is that "the lawyer's skilled examination and cross-examination of witnesses may expose fatal weaknesses in the State's case that may lead the magistrate to refuse to bind the accused over." *Id.* at 9, 90 S.Ct. at 2003. The result of the majority's holding is to deny the lawyer this ability, for if only hearsay evidence is offered, he can cross-examine no one, or more precisely, no one who knows what he is talking about. If the majority is right, the accused in a rape case may be bound over on the testimony of a detective who has read into the record a statement he got from the prosecutrix, who is not at the hearing. This offends the sense of fairness and regard for individual rights fundamental to our law; it recalls the ancient roots of the hearsay rule: Coke denouncing "the strange conceit that one may be an accuser by hearsay." Coke Third Inst. 25 (1641).

I do not mean that at a preliminary hearing the rules of evidence need be as strictly followed as at trial. There may be some relaxation, provided that the accused is afforded the protection that a preliminary hearing is meant to provide. I would state the rule as follows: *At a preliminary hearing, the prosecution must establish a prima facie case by a core of evidence that would be admissible at trial. If this is done, the fact that other evidence may be heard will not be error.* If our decisions were contrary to this rule, they should be overruled; however, when carefully read, they are not contrary.

In *Commonwealth v. Banks*, 228 Pa.Super. 308, 323 A. 2d 780 (1974), cited by the majority, the defendant was charged with sale of narcotics. At the preliminary hearing the following evidence was introduced:

1. A trooper's testimony that he purchased drugs from the defendant on three separate occasions;

2. A chemist's testimony that he examined the seized substance and determined that it was heroin; and

3. A copy of a laboratory report as evidence of the procedure and results of the examination.

This court held that the evidence was competent and credible, and that the defendant's contention that the laboratory report should not have been admitted because it was hearsay evidence was without merit. *Id.* at 309–310 n. 1, 323 A.2d at 781 n. 1. It is not clear whether the laboratory report was regarded as within an exception to the hearsay rule, or whether it was regarded as admissible without qualification. The cases cited suggest the latter. The result, however, conforms to the rule I have stated above, since the trooper's and the chemist's testimony constituted the required core of admissible evidence.

In *Commonwealth v. Smith*, 212 Pa.Super. 403, 244 A. 2d 787 (1968), the defendant was charged with assault and battery and indecent assault. The prosecution offered a police officer's testimony that he had received and investigated the victim's complaint, and as a result had taken the defendant into custody, and that the defendant had admitted the assault. This court held that a *prima facie* case had been established, despite the lack of evidence other than hearsay.[1] I do not think, however, that *Smith* is contrary to my view. First, the opinion

---

1. It is conceivable that some evidence other than hearsay was contained in the officer's recitation of his investigation. The opinion does not make this clear.

holds that the defendant's objection to the preliminary hearing was not timely, for before objecting he gave bail. *Id.* at 407, 244 A.2d at 789. The language as to what evidence may be sufficient at a preliminary hearing is therefore *dictum* only. Second, the defendant's admission would have been admissible at trial as an exception to the hearsay rule, McCormick, *Evidence* § 262 *et seq.* (2d ed. 1972), and thus would have constituted the required core of admissible evidence. It is true that the Commonwealth had agreed that all of the defendant's statements to the police were inadmissible on constitutional grounds. There is, however, an important difference between hearsay evidence and evidence that would be suppressed at trial on constitutional grounds. The former is inadmissible because its reliability is suspect; the latter is inadmissible, despite its reliability,[2] because of the constitutional guarantee against self-incrimination. Thus this court's apparent conclusion in *Smith*, that constitutionally inadmissible evidence was sufficient to show a *prima facie* case at a preliminary hearing, does not undercut the rule as I have stated it.

In the present case, with the chemist's letter excluded as hearsay, the prosecution showed only that appellant drove his car into a tree. I would therefore reverse the judgment of sentence and remand with orders to quash the return and dismiss the indictment.

2. Admissions that are the product of physical or mental compulsion are not reliable. The admission in *Smith*, as far as the opinion indicates, was inadmissible on technical grounds, i. e., failure to give *Miranda* warnings.