437 A.2d 748

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Lavern BRANCH.**

**COMMONWEALTH of Pennsylvania**

v.

**Lavern BRANCH, Appellant.**

Superior Court of Pennsylvania.

Argued June 13, 1980.

Filed Aug. 21, 1981.

Petition for Allowance of Appeal Denied Oct. 6, 1981.

426

Maxine Stotland, Assistant District Attorney, Philadelphia, for the Commonwealth.

Joel W. Todd, Philadelphia, for Branch.

Before CERCONE, President Judge, and CAVANAUGH, BROSKY, WICKERSHAM, WATKINS, HOFFMAN and VAN der VOORT, JJ.

**BROSKY, Judge:**

Following a jury trial, Lavern Branch was convicted of third degree murder and weapons offenses.[1] Timely post-verdict motions were filed alleging, *inter alia*: (1) the preliminary hearing court erred in ruling that a prima facie case had been offered where the evidence introduced by the prosecution, and admitted over objection, was hearsay;[2] (2) the suppression hearing court erred in vacating its order directing the suppression of Branch's inculpatory statement and reopening the hearing to permit the Commonwealth an opportunity to offer additional evidence; and, (3) the prosecutor's closing argument to the jury amounted to prosecutorial misconduct.

The trial court, accepting appellee's first contention of error, ruled that, excluding the use of hearsay testimony, a prima facie case had not been established at the preliminary hearing. On that basis, it granted Branch a new trial and ordered him discharged subject to rearrest. Both parties appealed that determination to the Supreme Court, the Commonwealth from discharge and Branch from the denial of those additional grounds presented in his post-verdict motions. This appeal is before us by way of a special transfer from the Supreme Court.

The relevant procedural history of the case may be summarized as follows: On May 11, 1977, Branch was arrested in connection with the shooting death of Quinzell Carroll which had occurred earlier that day at a Philadelphia playground. At the preliminary hearing on May 25, 1977, it was stipulated that the decedent's death had been caused by gunshot wounds. Also presented at that time was testimony by a police officer of a confession purportedly obtained from Branch, wherein he admitted firing a weapon at individuals playing basketball. That witness—the police officer who

1. 18 Pa.C.S.A. Sections 2502(c), 907 and 908.

2. Branch's counsel subsequently petitioned the court to quash the magistrate's transcript on the basis that the use of hearsay evidence was insufficient to establish a prima facie case at the preliminary hearing. The motion was denied.

had obtained Branch's statement—further testified, over objection, that the decedent's brother had witnessed Branch shoot the victim, though the decedent's brother did not testify at the preliminary hearing, the Commonwealth represented that he would be available at the time of trial. Concluding that a prima facie case had been established, the hearing judge ordered Branch held for court.

A motion to suppress that statement was subsequently filed. Following hearing, the motion was granted upon the court's finding that though the confession had been voluntarily rendered, it was the product of an arrest made without probable cause.

The trial court determined the witnesses used by the Commonwealth, Officers Martin and Garvey, to prove the existence of probable cause, had not testified in a manner which connected the appellant with statements made by Broderick Carroll which indicated Branch had committed a crime. Thus, hearsay identification testimony presented at the preliminary hearing appeared not to connect Branch with the incident. However, three days later, following application [3] by the Commonwealth, the suppression hearing court issued an order vacating its earlier findings of fact and conclusions of law and directed a rehearing on the motion to suppress. The Commonwealth submitted additional testimony given by the two police officers that they saw Carroll point toward Branch and state: "That's him. That's the one who shot my brother." The hearing court subsequently issued amended findings of fact and conclusions of law, wherein the arrest was found to be based upon probable cause and Branch's confession to have been voluntarily,

**3.** The Commonwealth's petition alleged, in part, that:

"3. If the record at the suppression hearing failed to establish that the witness saw the incident and thus was able to identify the perpetrator, this was solely due to inadvertence on the part of the Assistant District Attorney and does not accurately represent the true factual situation.

4. In the interests of justice, the Commonwealth should be permitted to reopen the record to establish the facts concerning the witness' knowledge of the incident."

knowingly and intelligently made. Accordingly, the motion to suppress was denied.

■ Appellant contends the lower court erred in its granting of a new trial because hearsay evidence was admitted. However, hearsay evidence was sufficient to establish a prima facie case at the preliminary hearing. In *Commonwealth v. Rick*, 244 Pa.Super. 33, 366 A.2d 302 (1976), wherein appellant was charged with driving while under the influence of intoxicating liquor, this court allowed the introduction into evidence, at the preliminary hearing, of hearsay evidence in the form of a chemist's report indicating appellant's blood-alcohol level.

Instantly, while the lower court acknowledged our holding in that case, it believed the decision to be in error and chose not to apply it. However, since *Rick* is clearly dispositive of this case, we are bound to conclude that the hearsay evidence was properly admitted at the preliminary hearing.

Our research has failed to reveal any reported Pennsylvania appellate court decision concerning the propriety of a court's reopening of a suppression hearing. However, for the reasons which follow, we are of the opinion that the trial court acted properly and within its discretion in doing so.

■ It is, of course, well settled that until a verdict has been rendered in a non-jury trial, it is within the discretion of the trial judge to allow either side to reopen its case to prevent a "failure or miscarriage of justice." *Commonwealth v. Ridgely*, 243 Pa.Super. 397, 365 A.2d 1283 (1976). While we hold firmly to the concept of finality, we believe that under the present circumstances the basic distinction between a suppression matter and an ultimate verdict of guilty or innocence dictates different treatment. A verdict, once entered, constitutes the final determination in a criminal proceeding. Thus, though the trial court may take necessary remedial action when acting upon post-verdict motions, it may not permit either party to present additional evidence following the rendering of the verdict.

A suppression hearing, on the other hand, is a pretrial proceeding for determining the later admissibility of certain evidence at trial. Consistent with this view that a suppression determination is subject to different guidelines concerning finality, this court has, in the interest of justice, permitted the reopening of a suppression hearing record in order to permit the introduction of evidence inadvertently omitted by the prosecution. See *Commonwealth v. Ferguson*,[4] 231 Pa. Super. 327, 331 A.2d 856 (1974).

■ The rule pertaining to the pretrial suppression of evidence, provides, in part, that "[i]f the court determines that the evidence shall not be suppressed, such determination shall be final, conclusive and binding *at trial*, except upon a showing of evidence which was theretofore unavailable . . ." Pa.R.Crim.P. 323(j) (emphasis added). That rule, we believe, was intended to preclude a trial court from redetermining, upon the same evidence, a suppression matter previously decided by the suppression court.[5] Its language does not, however, suggest a suppression court itself is to be precluded from reopening a hearing to receive additional testimony.

■ In the absence of any authority to the contrary, we are of the opinion that the suppression court's reopening of the hearing, receipt of additional testimony and issuance of amended conclusions of law were proper exercises of its discretion.

Branch asserts that the trial court erred in its determination regarding prosecutorial misconduct on two grounds. First, he claims factual misstatements made by the Commonwealth in closing argument before the jury require an order for a new trial. Second, Branch remonstrates that remarks made by the prosecution in closing argument before

4. In *Ferguson*, the prosecution failed to introduce a warrant into evidence even though the Commonwealth was relying entirely upon evidence contained therein. On appeal, we remanded the matter to allow its formal introduction.

5. See *Commonwealth v. Harmon*, 469 Pa. 490, fn.11, 366 A.2d 895, fn.11 (1976).

the jury were prejudicial and constitute grounds for a new trial.

■ The initial misstatement made by the prosecutor was that one policeman had received information from Branch where in fact that policeman got his information from another officer who had spoken to Branch. This misstatement is clearly not grounds for a new trial, *Commonwealth v. Wright*, 456 Pa. 511, 321 A.2d 625 (1974); *Commonwealth v. Davenport*, 453 Pa. 235, 308 A.2d 85 (1975), particularly when viewed in light of the court's admonishing remarks to the jury that they were to reach their decision based upon the facts as they recalled them.

■ Branch also finds error in the prosecutor's statements referring to a police witness' testimony about the "six-hour rule." *Commonwealth v. Davenport*, 471 Pa. 278, 370 A.2d 301 (1977). Specifically, he contends the prosecutor erred because the rule did not come into effect until May 16, 1977 and stated it applied only to cases in which the arrest occurred after that date. This was clearly not sufficient error to warrant a new trial. Id., 471 Pa. at 286–287, fn.11, 370 A.2d 306, fn.11. Whatever error may have occurred was appropriately tempered by the court's proclamation to the jury that it was bound by the court's recitation of the law, not the Commonwealth's.

Finally, Branch asserts that the prosecutor made prejudicial remarks to the jury when he stated:

My client, the victim, Quinzell Carroll has his rights too. And his rights are that justice must be done. And you have the obligation to listen to the evidence and the instructions of law that the Court will give you. And there is no judge that will give clearer instructions of law. And when you look and consider and listen and deliberate through the amount of evidence from the beginning to the end, can you honestly say not only whether or not there is a reasonable doubt, because a reasonable doubt means a doubt based on reason, not fancy, not because you don't like Broderick Carroll—may be I don't like him either—

but not because of that—but it has to be based on the evidence, *can you have a reasonable doubt on that, or can you possibly even find no doubt whatsoever with your four eyewitnesses, your statement, the casings, the photograph, the chronology, the testimony of the detective all of it?*

So right now, ladies and gentlemen, I'll ask you for justice because I consider this—and the Commonwealth considers it, and all the people consider, this crime just as serious as any other first degree crime, if not more so. This man lived fifteen years.

Emphasis added.

■ It is improper for the prosecuting attorney to present "his or her personal opinion about a defendant's guilt." *Commonwealth v. Evans,* 479 Pa. 100, 102, 387 A.2d 854, 855 (1978). He must not be "vindictive" or attempt to arouse the jury's "prejudices" *Commonwealth v. Revty,* 448 Pa. 512, 516, 295 A.2d 300, 302 (1972).

ABA standards relating to prosecutorial conduct recognize:

The prosecutor is both an administrator of justice and an advocate; he must exercise sound discretion in the performance of his function.

at § 1.1(b); see also id. § 5.8.

■ The Pennsylvania Supreme Court has interpreted the ABA standards in several opinions. We are satisfied that the prosecutorial comments were not sufficiently prejudicial to necessitate a new trial. *Commonwealth v. Caesar,* 478 Pa. 575, 387 A.2d 471 (1978). *Commonwealth v. Evans,* supra.

The trial court's order granting appellant a new trial and discharging him is hereby reversed. Lower court's order denying other post-verdict relief is affirmed. Case remanded to the trial court for imposition of sentence.

CERCONE, President Judge, and HOFFMAN, J., concur in result.