## Commonwealth v. James

*William T. Fleming,* for Commonwealth.
*Joseph L. Amendola,* for defendant.

BROWN, JR., *P.J.,* September 6, 1984—

## PROCEDURAL AND FACTUAL BACKGROUND

This matter comes before the court upon Clarence E. James' petition for writ of habeas corpus. On May 21, 1984 Trooper Ronald Ritter of the Pennsylvania State Police arrested petitioner on charges of Furnishing Liquor or Malt Beverages to Minors, 47 P.S. §493. At petitioner's preliminary hearing on June 20, 1984, District Magistrate Robert T. May bound petitioner over for court on the above charge. Petitioner contends the district magistrate improperly admitted into evidence at the hearing the hearsay testimony of a police officer and without that hearsay evidence, the Commonwealth would not have established a prima facie case. The facts relevant to the resolution of the issue before this court are as follows:

On May 21, 1984 Trooper Ritter stopped a car owned by petitioner Clarence E. James. The driver of the car identified himself as Donald Lynn Coder. Mr. Coder did not possess a driver's license. Although Mr. Coder did not testify at petitioner's preliminary hearing, Magistrate May permitted Trooper Ritter to testify concerning what Mr. Coder told Trooper Ritter on May 21st. Trooper Ritter testified that Mr. Coder told him he was 19 years old and the car belonged to petitioner (who was in the passenger's seat at that time). Petitioner had offered Mr. Coder a ride home and some beer. Mr. Coder told petitioner he lived in Milesburg. Petitioner said he did not know where Milesburg was and that Mr. Coder would have to drive. Mr. Coder agreed. Once

in petitioner's car, Mr. Coder accepted beer from petitioner and drank the beer while driving until being stopped by Trooper Ritter. This was the Commonwealth's sole evidence that petitioner had served Mr. Coder alcoholic beverages. Trooper Ritter testified he noticed there were both unopened and empty bottles of beer in the car as well as certain pornographic magazines. Trooper Ritter also testified Mr. Coder told him that while he was driving, petitioner performed sodomy on him.

The Commonwealth resorted to offering Trooper Ritter's hearsay account of the incident because Mr. Coder could not be located in time to testify at the preliminary hearing. Trooper Ritter testified he attempted to serve a subpoena on Mr. Coder at Mr. Coder's grandmother's residence, where he felt Mr. Coder was living. The grandmother told him she thought Mr. Coder was living at his mother's residence. Trooper Ritter then went to Mr. Coder's mother's residence, at which time she informed him that Mr. Coder was living in a trailer with his girlfriend. His mother did not know where the trailer was. She also indicated that Mr. Coder had applied for a job at a local company. Trooper Ritter contacted the local company and found that their personnel office had no record of an employment application by Mr. Coder.

The only evidence presented that indicated that Mr. Coder would be available to testify at a trial was Trooper Ritter's testimony that Mr. Coder had assured him the night of the incident that he would be available at trial to testify.

## DISCUSSION

The issue before this court is whether or not the district magistrate improperly admitted the hearsay testimony of Trooper Ritter. This court has consid-

ered this issue in two recent decisions. Commonwealth v. Vedam, Centre Co. Crim. no. 1982-382; opinion and order filed November 22, 1983, p. 8-9 (upheld admission of F.B.I. ballistics report); Commonwealth v. Jochen, Centre Co. Crim. no. 1984-444; opinion and order filed July 24, 1984, p. 3 (upheld admission of F.B.I. latent fingerprint identification report). In both of those cases, it was clear to the court that the hearsay declarant would be available to testify at trial. The hearsay declarant in the instant case, however, is not the author of a certified or verified report regarding specialized information, but is the victim of the crime whose account of the incident — the Commonwealth's only evidence — was related to the court through Trooper Ritter. Because of this important distinction, the court declines to apply as precedent our decisions in Jochen and Vedam.

Instead, we must turn to relevant appellate case law. The Commonwealth contends that the controlling case is Commonwealth v. Branch, 292 Pa. Super. 425, 428, 437 A.2d 748, 750 (1981). Branch involved a defendant who had been charged with homicide. At defendant's preliminary hearing, the Commonwealth introduced the testimony of a police officer that defendant had confessed to the officer to firing a weapon at individuals in the vicinity where the shooting had occurred. The police officer also testified, over objection, that decedent's brother had witnessed defendant shoot decedent. Decedent's brother did not testify. The Superior Court in Branch held that Commonwealth v. Rick, 244 Pa. Super. 33, 35, 366 A.2d 302, 303 (1976), was "clearly dispositive" of the case and the hearsay evidence regarding the eyewitness to the crime had been properly admitted. Branch at 428, 437 A.2d at 750.

Initially, we note that unlike the case sub judice, the Commonwealth in Branch introduced other evidence at the preliminary hearing, including a confession by defendant. Here, however, the only testimony introduced was hearsay. To that extent, the holding in Branch may be distinguished from the facts before this court. Apart from that factual distinction, the holding in Branch adopts the rule of law enunciated in Rick. An analysis of that case is therefore necessary.

Rick involved a defendant who was bound over for court on charges of driving under the influence. The only evidence presented at the preliminary hearing regarding defendant's intoxication was the hearsay chemist's report which indicated that shortly after the incident, the defendant's blood-alcohol level was .18 percent. Technically, the holding in Rick was based solely upon that court's prior decision in Commonwealth v. Banks, 228 Pa. Super. 308, 310, 323 A.2d 780, 782 (1974). Banks held that a chemist's report was admissible at a preliminary hearing, *without* reaching the hearsay issue. Id. The only additional guidance the Rick decision provided regarding the use of hearsay at preliminary hearings was in dicta contained in a footnote:

"If, at the preliminary hearing, it had been clearly established that the Commonwealth would be able to produce only hearsay evidence at trial, the result in this case might be different. Under those circumstances a district justice could justifiably conclude that submitting the case to the grand jury would be a waste of time. Here, however, there was nothing to indicate to the district justice that the Commonwealth would not be able to produce the chemist himself at trial. The Commonwealth explained to the district justice that the chemist, Dr. Griswold,

was out of town for the week. Dr. Griswold was available for appellant's trial and did in fact testify." Rick at 36, 366 A.2d at 304.

In the instant case, although Trooper Ritter testified that Mr. Coder told him he would testify at trial, it is clear to the court that Mr. Coder could not be produced for the preliminary hearing and the trooper provided no indication that Mr. Coder could be produced at some later date. The court also notes the incident allegedly involved acts of sodomy. The likelihood that Mr. Coder would have to testify regarding those acts in order to testify against someone who furnished him beer significantly decreases the chances of his cooperating with the prosecution of petitioner. Accordingly, pursuant to the above dicta in Rick, the hearsay testimony of Trooper Ritter was improperly admitted.

Therefore, we hold that where the only evidence the Commonwealth introduces at a preliminary hearing is a hearsay account of the incident and where the Commonwealth has at the time of the preliminary hearing provided no clear indication that the hearsay declarant will be available to testify at trial, and, in fact, it appears to the court that it is unlikely the declarant will be available to testify, the hearsay testimony was improperly admitted into evidence at said preliminary hearing.

Here, the Commonwealth failed to establish a prima facie case against petitioner.

## ORDER

And now, this September 6, 1984, petitioner's writ of habeas corpus is hereby granted. The instant charges against petitioner Clarence E. James are dismissed and petitioner is discharged.