# Commonwealth v. Pyne

*Jeanne R. Boyer, assistant district attorney,* for the Commonwealth.
*Lawrence J. Hracho,* for defendant.

LUDGATE, *J.,* May 21, 1991—A preliminary hearing was held before District Justice Gail M. Greth on December 10, 1990, and continued to January 7, 1991, after which defendant was bound over for court on the charge of driving under the influence of alcohol, in violation of 75 Pa.C.S. §3731(a)(1). Defendant was also bound over for court on the charge of driving under the influence of alcohol, section 3731(a)(4). Defendant was further bound over for court on the charge of driving on right side of roadways, 75 Pa.C.S. §3301(a)

This matter is before the court on defendant's omnibus pretrial motion, wherein defendant moves to suppress evidence, for dismissal of charges on

double jeopardy grounds, to quash count II of the information and for a writ of habeas corpus. This was submitted to court on the transcript from the preliminary hearing. No further testimony was presented. This court will deny the relief sought in defendant's omnibus pretrial motion. This court writes to address defendant's argument that a writ of habeas corpus should be granted for count II of the information.

Defendant argues that a writ of habeas corpus should be granted and count II should be dismissed. Defendant argues that the Commonwealth failed to establish material elements in the offense of driving under the influence of alcohol, section 3731(a)(4) of the Vehicle Code. Defendant argues that the hospital report regarding defendant's blood alcohol level, the only evidence to support the (a)(4) charge, is inadmissible hearsay and should not have been admitted at the preliminary hearing. Defendant relies upon the decision of the Supreme Court of Pennsylvania in *Commonwealth ex rel. Buchanan v. Verbonitz,* 525 Pa. 413, 581 A.2d 172 (1990). In *Buchanan,* the Supreme Court held that ''[t]he Pennsylvania Constitution mandates a criminal defendant's right to confrontation and cross-examination at the preliminary hearing.'' *Id.* at 175. The court held that the Commonwealth did not meet its burden of establishing a prima facie case, relying solely upon hearsay testimony of the investigating police officer. In *Buchanan,* the Supreme Court held that the Commonwealth could not establish a prima facie case of statutory rape, based solely on the testimony of a witness as to what a third party had told him about an alleged criminal act. Defendant interprets *Buchanan* as overruling *Commonwealth v. Rick,* 244 Pa. Super. 33, 366 A.2d 302 (1976), which provides that a district justice may admit a

chemist report in a driving under the influence of alcohol case, even though the report alone would be inadmissible at trial. The *Buchanan* court did not specifically overrule *Rick* and *Rick* controls the instant case.

Here, the district justice had a certified copy of result of the test performed on defendant. The district justice is *not* making a determination about the credibility of a witness, he is determining if the Commonwealth has established a prima facie case. *Liciaga v. Court of Common Pleas of Lehigh County,* 523 Pa. 258, 566 A.2d 246 (1990). The facts in this case are not comparable to the facts in *Buchanan.* The district justice heard the testimony of the officer who *observed* defendant operating a vehicle in violation of section 3303(a), driving on right side of roadways. Further, the officer observed the blood being drawn from defendant at the hospital.

For the above-mentioned reasons, we will deny the relief sought in defendant's omnibus pretrial motion.

## ORDER

And now, May 21, 1991, upon consideration of defendant's omnibus pretrial motion, review of the transcript and argument of counsel, it is hereby ordered and decreed that:

(1) Defendant's motion for suppression of evidence, blood test, is hereby denied.

(2) Defendant's motion for suppression of evidence, statements made by defendant, is hereby denied.

(3) Defendant's motion for dismissal of charges on double jeopardy grounds is hereby denied.

(4) Defendant's motion to quash count II of the information is hereby denied.

(5) Defendant's motion for writ of habeas corpus is hereby denied.