## Commonwealth v. Frey

*John F. Haugh, assistant district attorney,* for the Commonwealth.

*John G. Bergdoll,* for defendant.

UHLER, *J.,* July 29, 1992—This case is before the court on defendant's, Jay Harry Frey's omnibus pre-trial motion. Specifically, the defendant alleges that: (1) no

competent evidence was presented at the preliminary hearing establishing a prima facie case under sections 3731(a)(1) or 3731(a)(4) of the Pennsylvania Motor Vehicle Code; (2) the defendant was unlawfully stopped at a sobriety checkpoint without probable cause; (3) the sobriety checkpoint at which the defendant was unlawfully stopped was not properly established under the law; and (4) defendant's arrest was made without probable cause or reasonable grounds and otherwise illegally in violation of the Constitutions of the United States and of the Commonwealth of Pennsylvania.

The defendant requests that: (1) any and all evidence and statements attributed to the above action be suppressed; (2) the information and complaint be quashed, in whole or in part, as the defendant claims the complaint was not filed within the time periods and in the procedure required by law; (3) habeas corpus relief be granted and all charges be dismissed against him; (4) the defendant's previous charge for driving under the influence be merged with the current charge, and the defendant be adjudicated as a first-time offender; (5) the defendant's criminal charges be dropped and replaced with alcohol and mental counseling; and (6) the defendant be allowed discovery as to all evidence in the possession of the prosecution not previously disclosed.

The facts of the instant case disclose that on December 28, 1991, the defendant was driving along Route 74 in York County, Pennsylvania, and was stopped at a sobriety checkpoint. At the May 21, 1992, hearing before this court, Detective Hopple testified that, upon stopping the defendant at the checkpoint, he smelled alcohol. Accordingly, the detective administered two field sobriety tests, (heel-to-toe and one-leg stand), which the defendant

failed. Subsequently, the defendant was transported to Memorial Hospital for a blood alcohol content test.

## ROADBLOCK

Initially, the defendant challenges the constitutionality of the roadblock in the instant case. 75 Pa.C.S. §6308(b) authorizes the use of roadblocks:

"(b) *Authority of police officer*—Whenever a police officer is engaged in a systematic program of checking vehicles or drivers or has articulable and reasonable grounds to suspect a violation of this title, he may stop a vehicle upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's license or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title."

In *Commonwealth v. Tarbert,* 517 Pa. 277, 535 A.2d 1035 (1987), Pennsylvania's Supreme Court stated in dicta that a drunken driver roadblock conducted substantially in compliance with suggested guidelines, would not be violative of Pennsylvania's Constitution. In *Commonwealth v. Fioretti,* 371 Pa. Super. 535, 538 A.2d 570 (1988), the Superior Court applied the suggested guidelines of *Tarbert,* as they had been adopted in amending section 6308(b), and found that roadblocks established in compliance therewith would be constitutional. *Id.; Commonwealth v. Myrtetus,* 397 Pa. Super 299, 580 A.2d 42 (1990) (roadblock upheld per section 6308(b)).

At the defendant's hearing on his omnibus pre-trial motion, Detective Hopple testified that the roadblock in question was located on Route 74 in Windsor Township

between Bahn's Mill Road and Springdale Road. Hopple testified that the checkpoint was set up in accordance of the Supreme Court rulings on the checkpoints. Hopple stated that, "[b]asically, we followed all those guidelines." Hopple indicated that every vehicle who came through the checkpoint was stopped, handed "literature" on seat belt safety and " that sort of thing." Hopple noted that 10 to 15 officers were operating the roadblock, Hopple also indicated the drivers were asked for their driver's license, registration, as well as informed that the police were looking for intoxicated drivers.

At the same hearing, Donald Wayne Harper, director of the Center for Highway Safety Programs, testified. He indicated that he had been employed in that capacity for the past six years. Harper further indicated that Route 74 is extremely high in terms of the incidents of driving under the influence. Harper noted that the area on Route 74 where the checkpoint was located was pre-selected with respect to the safety of motorists and the police officers. Harper indicated that once the site was selected, the times were determined and a standard operating procedure was established for running the checkpoint. Harper indicated that the standard operating procedure included stopping cars in both directions so as to create only a minimal delay. Harper indicated that if a driver was observed to be under the influence, he would be directed into the pull-off zone for further testing.

With respect to the testimony concerning the legality of the roadblock, we note the lack of specificity by the Commonwealth in the presentation of their evidence. As a result, the Commonwealth barely met the requirements under section 6308(b). Nonetheless, as the Commonwealth minimally satisfied all constitutional and statutory

dictates, we shall uphold the roadblock in the instant case as constitutional.

## DRIVING WHILE UNDER THE INFLUENCE

With respect to 75 Pa.C.S. §3731(a)(1) and (a)(4), it has been recognized that the court has the authority and the duty, where a petition for a writ of habeas corpus has been filed on behalf of a prisoner held prior to trial on a criminal charge, to see that at least a prima facie case of guilt is supported by the evidence against him or her. *Commonwealth v. Hetherington,* 460 Pa. 17, 221 A.2d 205 (1975). Thus, it is the burden of the Commonwealth, at a preliminary hearing, to establish at least prima facie, that a crime has been committed and that the accused is the one who committed it. *Commonwealth v. Austin,* 394 Pa. Super. 146, 575 A.2d 141 (1990). To sustain that burden, the Commonwealth must produce evidence that, if accepted as true, would warrant that the trial judge allow the case to go to the jury. *Austin,* 394 Pa. Super. at 148, 575 A.2d at 143. The defendant argues that admission of testimony concerning defendant's blood alcohol content, is hearsay, and accordingly section 3731(a)(4) must be discharged as against the defendant. We agree.

In *Commonwealth, ex rel. Buchanan v. Verbonitz,* 525 Pa. 413, 581 A.2d 172 (1990), the court held that, "[f]undamental due process requires that no adjudication be based solely on hearsay evidence." *Id.* While we find that subsections (a)(1) and (a)(4) of 75 Pa.C.S. §3731 are cognate offenses, we also acknowledge that they are separate offenses. *Commonwealth v. Slingerland,* 358 Pa. Super. 531, 518 A.2d 266 (1986).

At the preliminary hearing in the instant case, the only evidence presented to prove the defendant's blood alcohol content on the night in question, was testimony of the arresting officer as to the defendant's blood alcohol level. The Commonwealth concedes that, "[i]n the instant case, the introduction of the blood alcohol test result at the preliminary hearing was unquestionably hearsay." The Commonwealth, however, argues that other evidence, e.g., the defendant's drunken state at the time of arrest, is enough to establish a prima facie case absent the hearsay evidence. We disagree.

Subsections (a)(1) and (a)(4) are cognate, yet separate offenses. Accordingly, different elements are required to establish a prima facie case for each. Of utmost importance in proving (a)(4) is the blood alcohol level of the defendant while driving. To prove one's blood alcohol level, the administering hospital's report must be offered into evidence. To do so, the report must be authenticated. The report in the instant case was not offered into evidence, let alone authenticated.

Therefore, unlike *Rick,* cited by the Commonwealth there was no other evidence available at the preliminary hearing other than hearsay evidence (e.g., the arresting officer's testimony), with which to prove that the defendant's blood alcohol level was 0.10 or greater *while* he was driving as required by 3731(a)(4). See *Commonwealth v. Rick,* 244 Pa. Super. 33, 366 A.2d 302 (1976).

We find that the defendant in the instant case should not be held for trial pursuant to 75 Pa.C.S. §3731(a)(4), and accordingly, grant the defendant's request for habeas corpus with respect to subsection (a)(4).

Since evidence of the defendant's blood alcohol level admitted at the preliminary hearing is hearsay, we do not reach the issue of whether the dictates of *Jarman* or *Osborne* apply to the instant case with respect to relating the defendant's blood alcohol level back to the time of driving.

With respect to subsection (a)(1), the defendant merely claims that, "[n]o competent evidence was presented at the preliminary hearing establishing a prima facie case under section 3731(a)(1)...." Beyond that assertion, nowhere in the defendant's 45 page brief does he make an argument, let alone present the court with facts to substantiate his assertion.

The record does, however, indicate the defendant was stopped at a field sobriety checkpoint. In the course of a routine check, the arresting officer noted a strong odor of alcohol emanating from the defendant's vehicle. The officer also noted that the defendant's eyes were glassy. Accordingly, the officer requested that the defendant exit his vehicle to perform some field sobriety tests. The defendant failed all sobriety tests, including the heel-to-toe walk and the balancing test. In fact, when the defendant began counting in numeric order, he became confused and could not continue beyond the number 20.

Section 3731(a)(1) reads as follows:

"(a) *Offense defined*—A person shall not drive, operate or be in actual physical control of the movement of any vehicle while:

"(1) under the influence of alcohol to a degree which renders the person incapable of safe driving...." 75 Pa.C.S. §3731(a)(1).

The arresting officer in the instant case testified as to his experience in testing for drunk driving. As a result, the court recognizes the officer as competent in conducting field sobriety tests. In addition, the court notes the acceptability of the field sobriety tests conducted on the defendant as reliable indications in establishing the defendant's capability of safely driving a vehicle. Acknowledging the above facts presented at the preliminary hearing, we find that the Commonwealth presented a prima facie under section 3731(a)(1) to sufficiently hold the defendant for trial.

## CONCLUSION

As this court upheld the constitutionality of the roadblock herein, any statements made by the defendant are admissible and not in violation of the defendant's rights under the Fourth Amendment. Furthermore, the defendant's request to quash the information and complaint is frivolous, as the record does not indicate late filing of either document. All other requests made by the defendant are also deemed frivolous and without merit.

An appropriate order shall be entered.

## ORDER

And now, July 29, 1992, the following is ordered by the court:

(1) The defendant, Jay Harry Frey's request for habeas corpus per 75 Pa.C.S. §3731(a)(4) is granted.

(2) In all other respects, the defendant's omnibus pretrial motion is denied.