## Commonwealth v. Lindsey

*William I. Gabig, assistant district attorney,* for the Commonwealth
*Ron Turo,* for defendant.

OLER, *J.,* July 7, 1993—This criminal case arises out of an alleged theft of services from an innkeeper by the defendant. The defendant, according to his own admission, made a reservation at the Best Western Plantation Inn in Cumberland County, Pennsylvania, using

the pseudonym of William Daniels, stayed at the motel for several weeks, and left under circumstances in which the bill was never paid. Following the filing of a criminal complaint for theft of services by the Upper Allen Township Police Department, a preliminary hearing was held before District Justice Ronald E. Klair of Mechanicsburg, Pennsylvania, and the charge was bound over for court.

On May 13, 1993, defendant filed a petition for writ of habeas corpus, which is the subject of this opinion. The petition contended that the evidence at the preliminary hearing was insufficient to support the charge. A hearing on the petition was held by this court on May 25, 1993; no transcript having been made of the earlier preliminary hearing testimony, the Commonwealth presented its evidence to establish a prima facie case a second time. Following the hearing, the court denied the petition.

On June 2, 1993, defendant filed an appeal from the court's order denying the petition for writ of habeas corpus. The order appealed from did not contain a certification pursuant to 42 Pa.C.S. §702(b) to the effect that a controlling question of law was involved as to which a substantial difference of opinion existed and that an immediate appeal might advance the ultimate termination of the matter, nor was such a certification requested by defendant. This opinion is written in support of the court's order, as provided for in Pa.R.A.P. 1925.

## STATEMENT OF FACTS

Evidence as to the defendant's commission of the crime of theft of services was presented by the Commonwealth at the hearing before the court in the form of testimony of the affiant, Police Officer Michael S. McLaughlin. Of-

ficer McLaughlin testified as to the innkeeper's complaint of the theft and as to an inculpatory statement made by defendant when he was finally apprehended, whereby he admitted that he had used a false name in reserving the room, had stayed in the room, and had never paid the bill; according to the officer, defendant further admitted to resorting to a number of aliases in dealing with others. Copies of unpaid invoices relating to the defendant's stay were also introduced by the Commonwealth through the officer, and the officer testified that the victim would be available to testify at trial.

## STATEMENT OF LAW

Section 3926(a) of the Crimes Code, relating to theft of services, provides as follows:

"A person is guilty of theft if he intentionally obtains services for himself ... which he knows are available only for compensation ... by deception...."[1]

Under the statute, "the word 'service' includes ... the supplying of hotel accommodations...."[2]

The proper means of challenging the Commonwealth's prima facie case at a preliminary hearing is to petition the trial court for a writ of habeas corpus. *Commonwealth v. Morman,* 373 Pa. Super. 360, 363, 541 A.2d 356, 357 (1988). "In the pretrial setting, the focus of the habeas corpus hearing is to determine whether sufficient Commonwealth evidence exists to require a defendant to be held in government 'custody' until he may be brought

---

1. Act of December 6, 1972, P.L. 1482, §1, *as amended,* 18 Pa.C.S. §3926(a) (1993 Supp.).
2. *Id.,* 18 Pa.C.S. §3926(b).

to trial." *Id.* at 367, 541 A.2d at 360. The trial court should use the record from the preliminary hearing and any additional evidence the Commonwealth now has available to decide if a prima facie case has been made. *Id.*

The basic principles with respect to a preliminary hearing in Pennsylvania have been well established. The function of a preliminary hearing is to guard an individual's rights against unlawful arrest and detention. *Commonwealth v. Mullen,* 460 Pa. 336, 341-42, 333 A.2d 755, 757 (1975). Consequently, the Commonwealth bears the burden of establishing at least a prima facie case that a crime has been committed and the accused is the one who committed it. *Id.* at 341, 333 A.2d at 757.[3] Unlike the issue at trial, at which the defendant must be proven guilty beyond a reasonable doubt, the question at a preliminary hearing is "whether the prosecution must be dismissed because there is nothing to indicate that the defendant is connected with the crime." *Commonwealth v. Rick,* 244 Pa. Super. 33, 36, 366 A.2d 302, 304 (1976). To establish its prima facie case, the Commonwealth must present evidence relating to each material element of the charge and establish sufficient probable cause to justify a belief that the defendant committed the offense. *Commonwealth v. Wojdak,* 502 Pa. 359, 367-68, 466 A.2d 991, 996 (1983).

In appropriate circumstances, Pennsylvania courts have held that the Commonwealth may use hearsay evidence to establish a prima facie case at a preliminary hearing,

---

3. See Pa.R.Crim.P. 141(d) ("If a prima facie case of defendant's guilt is not established at the preliminary hearing ... the issuing authority shall discharge the defendant.")

especially where there is testimony that the source of the hearsay will be available to testify at trial. Thus, in *Commonwealth v. Rick, supra* at 37, 366 A.2d at 304, hearsay evidence of a blood alcohol report was properly admitted by the district justice at a preliminary hearing where it appeared the Commonwealth would be able to produce the chemist who performed the test at trial. In *Commonwealth v. Branch,* 292 Pa. Super. 425, 429-30, 437 A.2d 748, 750 (1981), the court ruled as proper the testimony of a police officer, over a hearsay objection, pertaining to what he had been told by the victim's brother and held that the hearsay testimony, combined with the officer's relation of the confession of the defendant, was sufficient to establish a prima facie case at the preliminary hearing. In *Commonwealth v. Davis,* 308 Pa. Super. 204, 214, 454 A.2d 92, 97 (1982), the court held that a hearsay autopsy report was adequate to establish the corpus delicti in a murder case, where the preparer was available to testify at trial. And in *Commonwealth v. Troop,* 391 Pa. Super. 613, 622, 571 A.2d 1084, 1088-89 (1990), the court held it permissible at a preliminary hearing for a district justice to allow a police officer's statement taken from an accomplice to the crime, where the officer testified the declarant would be available to testify at trial.

The cases do not hold that hearsay evidence alone is sufficient to establish a prima facie case at a preliminary hearing. See *Commonwealth ex rel. Buchanan v. Verbonitz,* 525 Pa. 413, 581 A.2d 172 (1990) (hearsay statement of alleged victim of child molestation). Nor has it been held that a confession alone is sufficient to con-

stitute a prima facie case, where evidence of a corpus delicti is lacking. See *Commonwealth v. Meder,* 416 Pa. Super. 273, 611 A.2d 213 (1992). However, courts have "found no difficulty with proving the *corpus delicti* at the preliminary hearing through the use of hearsay." *Id.* at 279, 611 A.2d at 216. (emphasis added)

Finally, it has traditionally been the rule that "the denial of a petition for habeas corpus is an interlocutory order until after final judgment ...." 1 Wasserbly, Pennsylvania Practice §8.11, at 24 (1993); but see *Commonwealth v. Tyler,* 402 Pa. Super. 429, 587 A.2d 326 (1991).

## APPLICATION OF LAW TO FACTS

In the present case, evidence was presented by the Commonwealth for purposes of a preliminary hearing tending to show both that a theft of services had occurred and that the defendant had committed it. The evidence was not exclusively hearsay of a type inadmissible at trial, but included an admission against interest of the defendant. The defendant's admission was not presented in the absence of evidence of a corpus delicti. And the evidence of a corpus delicti, in the form of hearsay, was from a declarant available for trial. Based upon the authority cited above, it is believed that this evidence was sufficient to establish a prima facie case against the defendant, and that the petition for writ of habeas corpus was properly denied. In addition, a serious question exists as to whether the order now appealed from should not be regarded as interlocutory.