Commonwealth *v.* Faulcon, Appellant.

Submitted January 8, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Eugene H. Clarke, Jr.,* for appellant.

*Clifford E. Haines* and *Milton M. Stein,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, March 16, 1973:

Appellant was found guilty of murder in the second degree and conspiracy. He was sentenced to two to twelve years' imprisonment. Post-trial motions were filed, argued and denied. This appeal followed.

At appellant's trial, the Commonwealth presented evidence of the stabbing incident through one of appellant's co-defendants, Gerald Waters. Waters stated

that he and appellant and various other members of appellant's gang (the Nicetown Gang) had agreed to fight off anyone from the rival gang (the Logan Gang) whom they found in their territory. Waters stated that he talked with appellant before the stabbing incident and appellant agreed to help in the fight if he were needed. According to Waters, after a fight broke out between members of the two rival gangs, appellant, summoned to the affray, began kicking and beating the victim. During the course of the fight, the victim was stabbed by another member of the gang and subsequently died.

Appellant first alleges that the evidence offered at trial was insufficient to establish his guilt due to the fact it came from a co-defendant and was not corroborated. However, in *Commonwealth v. Elliott*, 292 Pa. 16, 140 A. 537 (1928), we stated that there is no rule in Pennsylvania forbidding a conviction based on the uncorroborated testimony of an accomplice. See also *Commonwealth v. Sisak*, 436 Pa. 262, 259 A. 2d 428 (1969), and *Commonwealth v. Bubna*, 357 Pa. 51, 53 A. 2d 104 (1947). In the instant case, since appellant was tried without a jury, we must conclude that the judge of the court below, took into account the source of the testimony and found it credible. When questioning the sufficiency of the evidence, after motions in arrest of judgment, the evidence must be viewed in the light most favorable to the Commonwealth. See *Commonwealth v. Frazier*, 411 Pa. 195, 191 A. 2d 369 (1963), and *Commonwealth v. Rankin*, 441 Pa. 401, 272 A. 2d 886 (1971). The record is clearly sufficient to support a finding of appellant's guilt beyond a reasonable doubt.

Appellant also argues that evidence of his flight to Maryland should not have been introduced at his trial to prove his guilt. Appellant argues that evidence of

flight is not admissible unless it is first proved that the person fleeing knows he is wanted for the crime he is on trial for. However, in *Commonwealth v. Osborne*, 433 Pa. 297, 249 A. 2d 330 (1969), we stated that circumstantial evidence may be used to show that a defendant knew he was wanted at the time of his flight. In the instant case, there was testimony that before leaving, appellant had discussed going to Maryland with his co-defendants and the record established that appellant was at the scene of the crime. This evidence is sufficient to prove that appellant was aware of his being sought when he fled to Maryland.

Judgment of sentence affirmed.