385 A.2d 1013

**COMMONWEALTH of Pennsylvania**

v.

**Robert L. GORDON, Gary Alloway, and Craig Mellott, Appellants.**

Superior Court of Pennsylvania.

Submitted March 16, 1977.

Decided April 28, 1978.

---

268

270

Charles B. Swigart, Huntingdon, for appellants.

Gary D. Wilt, District Attorney, McConnellsburg, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

After a jury trial which began on October 3, 1973, appellants were convicted of burglary[1] and theft.[2] Written post-verdict motions were denied, and sentences were subsequently imposed. Appellant Gordon was sentenced to pay a fine of $250.00 and to serve three to twenty-three months imprisonment. Appellants Alloway and Mellott were each fined $250.00 and ordered to serve twenty-three months probation. The court also ordered restitution in the amount of $4,380.00.

1. 18 Pa.C.S. § 3502.

2. 18 Pa.C.S. § 3921.

At trial, the Commonwealth proved that on July 3, 1972, appellants, accompanied by a fourth man, Duane A. Clark, broke into a house and garage owned by Rutherford B. Williams and stole a large quantity of automotive parts and tools belonging to Mr. Williams' son. Duane Clark, who had pled guilty to burglary in a previous proceeding, testified for the Commonwealth and provided the sole evidence implicating Gordon, Alloway, and Mellott.

Appellants first contend that the lower court erred in failing to sustain a demurrer to the evidence on the ground that the Commonwealth failed to adduce any evidence corroborating Clark's testimony. In a related claim, appellants argue that the court erred in refusing to instruct the jury that a conviction could not be based solely on the uncorroborated testimony of an accomplice.

In this Commonwealth, a criminal conviction can be sustained solely on the basis of the uncorroborated testimony of an accomplice. *Commonwealth v. Faulcon,* 450 Pa. 414, 301 A.2d 375 (1973); *Commonwealth v. Didio,* 212 Pa.Super. 51, 239 A.2d 883 (1968); *Commonwealth v. Pressel,* 199 Pa.Super. 16, 184 A.2d 358 (1962). The lower court, in the instant case, charged the jury that "the testimony of Duane Clark as an accomplice should be looked upon with disfavor because it comes from a corrupt and polluted source; . . . you should examine Duane Clark's testimony closely and accept it only with care and caution . . ." (NT 245a). This charge was correct. *Commonwealth v. Sisak,* 436 Pa. 262, 259 A.2d 428 (1969). Appellants' first contention is without merit.

Next, appellants claim that the court below erred when it denied appellants' motion to quash the indictments. During the investigatory phase of the case, Duane Clark was interrogated by state police at a district magistrate's office. Clark volunteered a statement in which he inculpated appellants and himself. Based upon this statement, arrest warrants were issued. Subsequently, a joint preliminary hearing was held before the same magistrate. Appellants' counsel moved that the magistrate disqualify himself because of

his presence during the prior questioning. The magistrate refused and ultimately ordered that the appellants were to be held for court. Appellants were then released either on bail or their own recognizance. An indictment was approved by a grand jury on March 20, 1973.

Appellants now argue that because of the magistrate's failure to recuse himself, their counsel, at the preliminary hearing, was unable to attack the validity of the statement or the method of its procurement. Appellants are not entitled to relief on this argument.

 At a preliminary hearing, the Commonwealth must establish a prima facie case by showing probable cause to believe that a crime has been committed and that the defendant is the offender. *Commonwealth v. Mullen,* 460 Pa. 336, 333 A.2d 755 (1975); *Commonwealth v. Smith,* 212 Pa.Super. 403, 244 A.2d 787 (1968). Where, because of alleged defects or irregularities in the preliminary hearing, a defendant contends that he is being wrongfully detained pending action of a grand jury, the proper method for contesting the detention is to petition the court for a writ of habeas corpus. *Commonwealth v. Hetherington,* 460 Pa. 17, 331 A.2d 205 (1975); *Commonwealth v. Weinstein,* 177 Pa. Super. 1, 109 A.2d 235 (1954). If, after a preliminary hearing, the defendant is released on bail, he is no longer in a position to attack alleged irregularities in the preliminary hearing. *Commonwealth v. Weinstein, supra.* Likewise, once an indictment has been approved the preliminary proceedings are not subject to either direct or collateral attack because the defendant has been afforded an independent determination that a prima facie case exists. *Commonwealth v. Krall,* 452 Pa. 215, 304 A.2d 488 (1973); *Commonwealth v. Caserta,* 177 Pa.Super. 461, 110 A.2d 808 (1955); *Commonwealth ex rel. Thompson v. Hendrick,* 31 Pa.D. & C.2d 494, *affirmed,* 202 Pa.Super. 27, 195 A.2d 369 (1963). The lower court, in the instant case, properly denied appellants' motion to quash the indictments.

■ Appellants thirdly contend that, during trial, the judge below improperly permitted the withdrawal of retained counsel and the substitution of a second private attorney. This substitution was apparently necessitated by a conflict of interest which arose at trial. No objection to this procedure was made during trial, and the issue is therefore waived. *Commonwealth v. Tucker,* 461 Pa. 191, 335 A.2d 704 (1975); *Commonwealth v. Segers,* 460 Pa. 149, 331 A.2d 462 (1975).

For their final issue, appellants raise three arguments in support of their contention that they were not afforded effective assistance by their second retained counsel.

■ It is first argued that counsel was ineffective because he failed to obtain a transcribed copy of the notes of testimony from Duane Clark's suppression hearing. While such a procedure may be advantageous in a particular case, our research has failed to discern any precedent for appellants' contention that failure to obtain a transcribed copy of an accomplice's prior testimony constitutes ineffectiveness per se. Appellants have not directed our attention to any testimony from the suppression hearing which could have been employed in any way to support appellants' cause. We are, therefore unable to conclude that the alternatives not chosen offered a potential for success substantially greater than the tactics actually utilized. *Commonwealth v. Turner,* 469 Pa. 319, 365 A.2d 847 (1976); *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967).

■ For a similar reason, we reject appellants' contention that they were denied effective representation because their second retained counsel did not participate in the selection of the jury. The jury had been selected and trial had begun at the time their second attorney entered the case. Previously retained counsel had participated in the jury selection. It would have been impossible for second counsel to select the jury since he was not involved with the case at that time. Further, appellants have failed to assert that any prejudice resulted from second counsel's absence from the selection process.

Finally, appellants argue that they were de-
prived of effective assistance of counsel because of the
failure of counsel to secure additional alibi witnesses. In
their brief, appellants argue the issue as follows:

> "There was testimony to the effect that all three (3) boys
> had been in Breezewood; that they had gone to a bar to
> eat; and that subsequently Gordon and Alloway had re-
> turned to [the home of Alloway's brother-in-law] while
> Mellott went to a party. Particularly, very little evidence
> corroborating Craig Mellott's testimony that he had gone
> to a party was introduced due to the lack of time to secure
> the witnesses." (Appellants' brief at 9).

At trial, Craig Mellott testified that he met his girlfriend at
11:20 p. m. on the evening in question, and at midnight they
went to a party with some friends. These events were
corroborated not only by Mellott's girlfriend and another
witness, but also by the Commonwealth's evidence. Duane
Clark testified that the theft had been accomplished, the
parties had split up and that he and Mellott had returned to
Breezewood in time to meet Mellott's girlfriend. Clark
further stated that he was driven to his house by Mellott
and the girl who were then going to a party. The fact that
defense counsel did not elicit further testimony relating to
Mellott's presence at the party could not be considered
ineffective assistance of counsel since it would not have
enhanced the defense position in any way. Counsel cannot
be held to be ineffective for failing to do a futile act. *E. g.,
Commonwealth v. Robinson*, 452 Pa. 316, 305 A.2d 354 (1973).

Gary Alloway's brother-in-law also testified at trial. He
indicated that Alloway and Gordon had left his home be-
tween 6:30 and 7:00 p. m. and had returned between 11:00
and 11:30 p. m. This testimony was equally consistent with
the Commonwealth's version of the relevant events.

Appellants have failed to direct our attention to any other
potential alibi witnesses who did not testify at trial. More-
over, at the close of the case, out of the presence of the jury,
each defendant stated, in response to specific questioning by
the court, that he was satisfied with counsel's strategy and

that counsel had called and examined all the witnesses that the defendant had requested be called. Once again, we are unable to conclude that the alternatives not chosen offered a potential for success substantially greater than the tactics actually utilized. *Commonwealth v. Turner, supra; Commonwealth ex rel. Washington v. Maroney, supra.*

The judgments of sentence are therefore affirmed.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.