J. S62024/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
:
v. :
:
JOHN A. HOFFMAN, :
:
APPELLANT : No. 308 MDA 2016

Appeal from the Judgment of Sentence September 30, 2015
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0000924-2015

BEFORE: GANTMAN, P.J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY DUBOW, J.: **FILED NOVEMBER 01, 2016**

Appellant, John A. Hoffman, appeals from the Judgment of Sentence entered by the Lebanon County Court of Common Pleas following his conviction by a jury of Simple Assault. After careful review, we conclude that (i) there was sufficient evidence to support the jury's verdict; (ii) the jury's verdict was not against the weight of the evidence; and (iii) the trial court did not rely on inaccurate information while sentencing Appellant or otherwise abuse its discretion. Accordingly, we affirm.

We summarize the relevant factual history as follows. On the afternoon of Monday, March 30, 2015, Beth Smith was driving Appellant home from the hospital. Earlier that day, Smith had discovered text messages from Appellant's ex-wife on his phone, and they began arguing about the messages. Upset at Smith, Appellant began punching her in the

arm, and later grabbed the steering wheel and directed the moving vehicle into oncoming traffic.

Smith pulled over and brought the car to a stop. Appellant then took the keys from the ignition, and began walking away from the vehicle with them.[1] Smith caught up to Appellant, who "grabbed [her] by the hair and threw [her] to the ground." N.T., 8/13/15, at 13. Bystanders then intervened, telling Appellant to stop.

Smith agreed to drive Appellant home. After dropping him off, she drove to the Lebanon County Municipal Building to file a Protection from Abuse Petition ("PFA") against Appellant. She also made contact with Patrolman Scott Firestone of the South Londonerry Township Police Department. Before Smith was able to complete the PFA paperwork, however, her hand began to swell and she left to obtain medical treatment.

After leaving the hospital, Smith provided a written statement to Officer Firestone. Officer Firestone took six photographs of her injuries. Those injuries included a sprained wrist, a tear in the tendon of her right arm, and bruising and swelling in her right arm and knee. Her right hand was so swollen that emergency room personnel had to cut her rings off of her fingers.

---

[1] Although Appellant testified at trial that he was on crutches that day, Smith testified that he did not have crutches and was not impaired in his movement.

Appellant was arrested and charged with Simple Assault. Appellant proceeded to a jury trial, where Smith and Officer Firestone testified. The photographs of Smith's injuries were admitted into evidence. Appellant also testified, denying Smith's allegations. He denied punching her at all, and claimed that she was injured when she slipped and fell on some gravel.

The jury found Appellant guilty of one count of Simple Assault. The trial court aptly summarized the proceedings that followed:

> On September 30, 2015, [Appellant] appeared before [Judge Charles] for sentencing. In the Sentencing Order, [Judge Charles] noted that Smith wrote [the trial court] a letter asking that [it] incarcerate [Appellant] because he is a serial abuser. The letter indicated that Smith is "like the fifth person to get a PFA [against Appellant]. When will he learn?"
>
> At first, [Judge Charles] took the letter at face value. However, when [Appellant] denied that he had such a history, [Judge Charles] delayed sentencing in order to check the veracity of the letter. As it turned out, [Judge Charles] found that the victim was not correct and [that] the Pennsylvania PFA database shows only one prior PFA Petition filed against [Appellant] in 1992. That Petition involved a threat and not physical violence.
>
> [Judge Charles] stated on the record that, in imposing sentence, [he was] not considering Smith's allegation that [Appellant] had a history of PFA violence. [Judge Charles] did, however, note the seriousness of [Appellant's] conduct and sentenced him to 20 days to 23 months of incarceration at the Lebanon County Correctional Facility, followed by 3 months of house arrest with electronic monitoring.
>
> On October 9[, 2015], Defense Counsel timely filed Post-Sentence Motions, challenging the weight and sufficiency of the evidence and requesting resentencing. [The trial court denied the Motions on January 19, 2016.]

Trial Court Opinion, filed 1/19/16, at 2-4 (footnote and some citations to the record omitted).

Appellant timely appealed. In response to an order from the trial court, Appellant filed a Pa.R.A.P. 1925(b) Statement. In lieu of a Pa.R.A.P. 1925(a) Opinion, the trial court directed us to its January 19, 2015 Opinion and Order denying Appellant's Post-Sentence Motions.

Appellant raises the following issues on appeal:

1. Did the [trial c]ourt err in denying Appellant's Post-Sentence Motions because the Commonwealth failed to provide sufficient evidence that Appellant caused or attempted to cause bodily injury to Beth Smith?

2. Did the [trial c]ourt err in denying Appellant's Post-Sentence Motions because the jury's verdict of guilty was against the weight of the evidence presented at trial?

3. Did the Lower Court err in denying Appellant's Motion for Reconsideration of Sentence because (a) portions of the victim's letter to The Honorable Bradford H. Charles were later found to be inaccurate, and therefore the remainder of the letter should not have been considered in fashioning the Defendant's sentence; and (b) aside from a felony drug conviction in 1986, the Defendant has an otherwise clean record?

Appellant's Brief at 3-4.

## Sufficiency of the Evidence

Appellant first avers that the evidence was insufficient to support his conviction. Evidentiary sufficiency is a question of law; thus, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Diamond***, 83 A.3d 119, 126 (Pa. 2013).

In determining whether the evidence was sufficient to support a verdict, we view the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the verdict winner, the

- 4 -

Commonwealth herein.  ***Commonwealth v. Watley***, 81 A.3d 108, 113 (Pa. Super. 2013) (*en banc*).  Furthermore,

> Evidence will be deemed sufficient to support the verdict when it established each element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty, and may sustain its burden by means of wholly circumstantial evidence. Significantly, we may not substitute our judgment for that of the factfinder; if the record contains support for the convictions they may not be disturbed.

***Commonwealth v. Brewer***, 876 A.2d 1029, 1032 (Pa. Super. 2005) (citations and internal quotations omitted).

Simple Assault is defined, in relevant part, as follows:

(a) Offense defined. --A person is guilty of assault if he:

> (1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;

* * * *

18 Pa.C.S. § 2701(a)(1).  "Bodily injury" is defined as "[i]mpairment of physical condition or substantial pain."  18 Pa.C.S. § 2301.  This Court has stated that "[t]he existence of substantial pain may be inferred from the circumstances surrounding the use of physical force even in the absence of a significant injury."  ***Commonwealth v. Ogin***, 540 A.2d 549, 552 (Pa. Super. 1988).

Although Appellant raises a challenge to the sufficiency of the evidence, he makes no claim that the Commonwealth has failed to prove any specific element of Simple Assault.  Rather, Appellant argues that the testimony of Smith cannot provide proof beyond a reasonable doubt that he

is guilty because her testimony was not corroborated by other witnesses. Appellant's Brief at 10. The law is to the contrary, however, and the uncorroborated testimony of a single witness is sufficient to establish the elements of a crime, if believed by the trier of fact. *See Commonwealth v. Faulcon*, 301 A.2d 375, 376 (Pa. 1973) (concluding that the testimony of an alleged accomplice was sufficient evidence to sustain murder and conspiracy convictions); *Commonwealth v. Antidormi*, 84 A.3d 736, 757 (Pa. Super. 2014) (concluding that the testimony of a single witness was sufficient to sustain persons not to possess firearms conviction).

In the instant case, Smith testified that Appellant repeatedly punched her in the arm while she was operating a moving vehicle. N.T., 8/13/15, at 10-11. After she stopped the vehicle, Appellant took the keys from the ignition and began walking away from the vehicle with them. *Id.* at 12. When Smith attempted to retrieve her keys from Appellant, he "reached with his left [hand] around and just [grabbed] a full handful of hair and just flung [Smith] onto the—into the ground." *Id.* at 13. As a result, Smith sustained a sprained wrist, a tear in the tendon of her right arm, cuts to her left hand, and bruising on her left knee. *Id.* at 15. Viewing these facts and all reasonable inferences to be drawn therefrom in the light most favorable to the verdict winner, we conclude that there was a sufficient basis to support the jury's finding that Appellant committed Simple Assault.

## Weight of the Evidence

Appellant next avers that the jury's verdict was against the weight of the evidence because "the jury placed too great a weight on the testimony of the Commonwealth's witnesses, and did not place enough weight on the testimony of Appellant."  Appellant's Brief at 11.

When considering challenges to the weight of the evidence, we apply the following precepts:

> The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none or some of the evidence and to determine the credibility of witnesses.
>
> Appellate review of a weight claim is a review of the exercise of discretion, not the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Talbert*, 129 A.3d 536, 545-46 (Pa. Super. 2015) (internal quotation marks and citations omitted).

Resolving contradictory testimony and questions of credibility are matters for the finder of fact.  *Commonwealth v. Hopkins*, 747 A.2d 910, 917 (Pa. Super. 2000).  Further, "[i]n order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous,

vague and uncertain that the verdict shocks the conscience of the court." **Talbert, supra** at 546 (internal quotation marks and citation omitted). It is well-settled that we cannot substitute our judgment for that of the trier of fact. **Id.** at 545.

Appellant essentially asks us to reassess the credibility of the witnesses and reweigh the testimony and evidence presented at trial. Appellant's Brief at 11-12. We cannot and will not do so. The jury found credible Smith's testimony that Appellant struck her and threw her to the ground. Her description of her injuries was corroborated by the photographs that the Commonwealth introduced into evidence. Thus, the verdict was not so contrary to the evidence as to shock the court's conscience, and the trial court properly denied Appellant's weight of the evidence claim.

### Discretionary Aspects of Sentencing

In his third issue, Appellant avers that the trial court's sentence constituted a manifest abuse of discretion where the trial court considered a victim impact letter that erroneously stated that Appellant had multiple Protection from Abuse Orders entered against him, and where Appellant "has not had any run-ins with the law since 1987." Appellant's Brief at 13.

As presented, these claims challenge the discretionary aspects of sentencing. **See, e.g., Commonwealth v. Anderson**, 830 A.2d 1013, 1016 (Pa. Super. 2003) (noting that a challenge to the court's consideration of improper factors at sentencing refers to the discretionary aspects of

sentencing); ***Commonwealth v. Cruz-Centeno***, 668 A.2d 536 (Pa. Super. 1995) (reflecting that an averment that the sentencing court did not consider mitigating factors challenges the discretionary aspects of sentencing).

A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. ***Commonwealth v. Phillips***, 946 A.2d 103, 112 (Pa. Super. 2008). Prior to reviewing such a claim on its merits:

> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.
>
> When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code . . . .
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

***Id.*** (citations and quotations omitted). ***See also*** Pa.R.A.P. 2119(f).

Appellant complied with the first two requirements by filing a timely Notice of Appeal and preserving his sentencing issues by filing a Petition to

Reconsider Sentence. Although Appellant did not include in his brief a separate Rule 2119(f) Statement, the Commonwealth has not objected to this defect and, thus, we decline to find that the defect is fatal.[2]

With regard to whether Appellant has raised a substantial question, we note that "[a]n allegation that a sentencing court 'failed to consider' or 'did not adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate." *Commonwealth v. Urrutia*, 653 A.2d 706, 710 (Pa. Super. 1995). Accordingly, Appellant's assertion that the trial court did not adequately consider his scant criminal record does not raise a substantial question. Therefore, we will not review the merits of this claim.

However, an appellant does raise a substantial question when he avers an excessive sentence due to the court's reliance on impermissible factors. *See Commonwealth v. McNabb*, 819 A.2d 54, 56-57 (Pa. Super. 2003). Accordingly, Appellant's complaint that the court relied on improper factors presents a substantial question, and we will review that claim on the merits.

Pennsylvania law authorizes the sentencing court to receive and consider the impact of the defendant's crime on the victim. Our rules of criminal procedure mandate that the presentence investigation report

---

[2] This Court may overlook the appellant's failure to comply with Rule 2119(f) "where the appellee fails to object to the omission and a substantial question is evident from the appellant's brief." *Commonwealth v. Kneller*, 999 A.2d 608, 614 (Pa. Super. 2010).

include a victim impact statement as provided by law. Pa.R.Crim.P. 702(A)(4). Similarly, the Sentencing Code describes some factors a court should consider when sentencing including "the gravity of the offense as it relates to the impact on the life of the victim and on the community." 42 Pa.C.S.A. § 9721(b).

In the instant case, Smith prepared a victim impact statement in which she characterized Appellant as a "serial abuser" and stated she was "like the fifth person to get a PFA [against Appellant]." N.T., 9/30/15, at 9. However, the trial court independently reviewed the Pennsylvania PFA database and determined that there was only one prior PFA against Appellant. *Id.* at 10. The court acknowledged that Smith's letter incorrectly characterized the number of PFAs against Appellant, before stating that it would sentence Appellant based exclusively on the seriousness of Appellant's conduct in the instant case, and not based on any prior alleged acts of domestic violence. *Id.* at 8. Ultimately, the trial court imposed a sentence that was within the standard guideline range. Trial Court Opinion, at 9.

It is clear from the record that the trial court did not consider those portions of the letter that were found to be inaccurate when fashioning Appellant's sentence. To the extent that the trial court considered other portions of the letter and the impact that the offense had on Smith, it was authorized to do so by law. *See* Pa.R.Crim.P. 702(A)(4); 42 Pa.C.S. §

9721(b).  Accordingly, we discern no abuse of discretion in the trial court's imposition of a sentence of 20 days to 23 months of incarceration.

Judgment of Sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/1/2016